■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered December 17, 1985, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is granted. No questions of fact have been raised or considered.

The right to effective representation of counsel is measured by whether, upon the totality of the circumstances, the attor-

ney provided meaningful representation *(see, People v Baldi, 54 NY2d 137, 147).* In the case at bar, the defense counsel emphatically admitted to the jury in his opening statement that the defendant had shot Della Phillips, but that they would present a defense of justification. After the People presented their case, which did not reveal any evidence of justification, the defense counsel abandoned his justification defense and rested without calling any witnesses or presenting any evidence of another defense to the jury. He then argued in summation that the People had failed to prove the defendant's guilt beyond a reasonable doubt and that the defendant was factually innocent (due to an inconsistency between a witness's testimony as to where the defendant was standing in relation to the victim, and a medical examiner's testimony as to the trajectory of the bullet). He suggested that somebody else must have shot the victim. While mere losing tactics do not automatically indicate ineffectiveness, under the peculiar circumstance of this case in which there is no claim of chicanery on the part of either client or attorney, such conduct was so unreasonable, inconsistent, and devoid of any possibility of success that it does not even rise to the level of trial strategy. Rather, we believe it is "unsupportable as a defense tactic" *(People v Baldi, supra,* at 151). This was not a " 'misguided though reasonably plausible strategy decision' " *(see, People v Zaborski,* 59 NY2d 863, 864-865; *People v Bell,* 48 NY2d 933, 935, *rearg denied* 49 NY2d 802), but rather true ineffectiveness which unavoidably led to the defendant's conviction. This was not a situation where there were two possible defenses available and defense counsel simply chose one over the other *(see, People v Baldi, supra,* at 147-148). Rather, the defense counsel here first conceded that the defendant shot the victim, but then chose in midstream to abandon any relevant defense and to instead present an entirely inconsistent and contradictory defense of factual impossibility. Such conduct was simply irrational and practically guaranteed the defendant's conviction *(see, People v LaBree,* 34 NY2d 257; *People v Figueroa,* 83 AD2d 564, 565). In addition, the defense counsel repeatedly elicited damaging evidence when cross-examining prosecution witnesses *(see, People v Zaborski, supra),* and repeatedly failed to object to the admission of inadmissible and highly damaging hearsay testimony elicited by the prosecutor to prove that the defendant had a gun and had shot the victim *(see People v Andrew S.,* 108 AD2d 935, 938). Under the circumstances, we conclude that defendant was denied effective assistance of counsel and is entitled to a new trial. Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.