■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HOWARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered August 25, 1987, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), burglary in the first degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that

branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On appeal the defendant contends that the court erred in permitting the victim who first encountered the defendant at the scene of the crime to identify him at trial because the pretrial identification procedures utilized by the police were suggestive, and the victim had only a brief opportunity to view her assailant during the commission of the crime. We disagree. It is well settled that a witness may identify the perpetrator of a crime as part of her in-court testimony notwithstanding the existence of an unduly suggestive pretrial identification, provided that the People demonstrate by clear and convincing evidence that the in-court identification is based upon the witness's independent observations of the defendant during the commission of the crime *(see, People v Ballott,* 20 NY2d 600, 606-607; *People v Hyatt,* 162 AD2d 713). "The amount of time a witness has to observe the defendant is only one factor to be considered under the totality of circumstances surrounding an identification" *(People v Hyatt, supra,* at 714). At bar, the hearing record establishes that the victim had an opportunity to observe the defendant when he entered her apartment building prior to the burglary, as well as several additional opportunities to observe him during the commission of the crime. Each of these observations occurred under good lighting conditions, and the victim's description was sufficiently specific to establish her ability to observe the perpetrator at the time of the crime.

While the court should have conducted a hearing to ascertain whether the second victim had an independent source for her identification of the defendant, her identification testimony was cumulative, and the error was harmless in light of the overwhelming evidence establishing the defendant's identity as the perpetrator *(see, People v Owens,* 74 NY2d 677; *People v Crimmins,* 36 NY2d 230; *People v Wedgeworth,* 156 AD2d 529; *People v Perkins,* 155 AD2d 985). In this regard, we note that the defendant was also identified at trial by a third witness, the nephew of the first victim, who testified that he had seen the defendant talking to residents of his apartment building approximately five times prior to the burglary.

The court's *Sandoval* ruling was not an improvident exercise of discretion *(see, People v Pavao,* 59 NY2d 282, 292; *People v Womble,* 161 AD2d 679; *see also, People v Kyser,* 147 AD2d 590).

Finally, we find that the sentence imposed upon the defendant was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Eiber and Ritter, JJ., concur.