■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BENBOW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered March 22, 1989, convicting him of robbery in the first degree, robbery in the second degree, and menacing, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the hearing court did not err in denying suppression of the in-court identification of the defendant by the complainants. It is well settled that even where an identification is the product of a suggestive pretrial identification procedure, a witness will nonetheless be permitted to identify a defendant in-court if that identification is based on an independent source (see, *United States v Wade*, 388 US 218; *see also, People v Reid*, 175 AD2d 815). Here, an independent source supported the in-court identification of the defendant by the complainants (see,

*People v Smalls,* 112 AD2d 173, 174). At the suppression hearing, both complainants testified that they had two occasions to observe the defendant for a few minutes at close range under very good lighting conditions. The record, therefore, supports the suppression court's determination that an independent source existed to support the complainants' in-court identifications.

The defendant also contends that his guilt was not proven beyond a reasonable doubt in view of discrepancies between and among the testimony of the prosecution's witnesses. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant maintains that the court's charge with regard to identification and reasonable doubt contained prejudicial errors. However, we find that, as a whole, the charge correctly conveyed the elements to be weighed when assessing the accuracy and veracity of identification testimony *(see, People v Whalen,* 59 NY2d 273; *People v Beard,* 157 AD2d 788, 789; *People v Sorrentino,* 138 AD2d 760; *People v Robertson,* 128 AD2d 815, 816; *People v Daniels,* 88 AD2d 392, 400-401), as well as the correct standard for proof beyond a reasonable doubt, thus permitting the jury to apply the correct rules in arriving at its verdict *(see,* 1 CJI[NY] 6.20; *People v Phelps,* 168 AD2d 693; *see also, People v Malloy,* 55 NY2d 296, 300, *cert denied* 459 US 847; *People v Jones,* 27 NY2d 222, 227; *People v Kuey,* 155 AD2d 481, 482).

We further find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.