■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANISLAUS SCANTLEBURY, Appellant. [595 NYS2d 489] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered February 7, 1990, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The instant case arises out of a shooting which occurred during the early morning hours of December 4, 1988. Contrary to the defendant's contention, the People's eyewitness was properly permitted to identify him in court as the perpetrator of the crimes charged. It is well settled that a witness may identify the perpetrator of a crime as part of his in-court testimony notwithstanding the use of a suggestive pretrial identification procedure, provided that the People demonstrate by clear and convincing evidence that the in-court identification is based upon the witness's independent observations of the defendant during the commission of the crime (see, People v Howard, 167 AD2d 418, 419; People v Benbow, 180 AD2d 805; People v Smalls, 112 AD2d 173, 174). The inquiry is a factual one, involving an evaluation of the totality of circumstances (see, People v Malloy, 55 NY2d 296, 300).

The People's eyewitness testified at a suppression hearing that he was walking down the street with his friend, the decedent, when they saw the defendant descend a stairway and walk toward them. His attention was called to him because the decedent told him that the defendant did not like him. He observed the defendant as he approached, and was looking at his face as they walked closely by each other. The area was lit by streetlights and there was nothing obstructing his view. As they passed each other, he and the decedent turned to look, and the defendant turned to look as well. He was looking at the defendant's face from a distance of approximately four feet as a shot rang out from the defendant's direction and a flash appeared in the defendant's pocket. He also testified that he had seen the defendant on two prior occasions in the neighborhood. Under all of these circumstances, we find that the record supports the suppression court's determination that an independent source existed to support the witness's in-court identification.

The defendant also contends that his identity was not proven beyond a reasonable doubt in view of discrepancies in the prosecution witness's testimony. However, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]), or without merit (see, CPL 670.10; cf., People v Green, 78 NY2d 1029; People v Gonzalez, 54 NY2d 729; People v Harding, 37 NY2d 130). Bracken, J. P., Lawrence, Copertino and Pizzuto, JJ., concur.