16

[604 NYS2d 171]

In the Matter of LEO AGRILLO (Admitted as LEO J. AGRILLO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 29, 1993

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn, for petitioner.

*Leo Agrillo,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent is charged with 13 allega-

tions of professional misconduct. The Special Referee sustained all 13 charges. The petitioner now moves to confirm the report of the Special Referee.

Charge One alleges that the respondent is guilty of failing to properly safeguard funds entrusted to him as an attorney. On or about November 17, 1984, the respondent, in his capacity as attorney for the sellers in a real estate transaction, was entrusted, as a fiduciary, with $6,000 representing the purchaser's down payment. The respondent was to hold the down payment in escrow pending the completion of the transaction. As of September 1992 the transaction had not been completed. Nevertheless, the respondent failed to hold the funds in escrow in a separate bank or trust account. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Two alleges that the respondent is guilty of failing to produce required bookkeeping records. By letter dated July 30, 1991, the respondent was directed to appear at the Grievance Committee offices on August 22, 1991, to give testimony in connection with the Grievance Committee's investigation. The respondent was directed to bring with him, for inspection, all records that he was required to maintain, covering the period from August 1, 1984 "through the present date". Pursuant to DR 9-102 (22 NYCRR 1200.46), the respondent was required to maintain financial records pertaining to the real estate down payment which is the subject of Charge One. On August 22, 1991, the respondent appeared at the Grievance Committee offices but failed to produce the requested records. By reason of the foregoing, the respondent violated DR 9-102 (C) and (D) (22 NYCRR 1200.46 [c], [d]).

Charge Three alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law. By reason of the misconduct alleged in Charges One and Two, the respondent violated DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Four alleges that the respondent is guilty of conduct that violates a Disciplinary Rule. By reason of the misconduct set out in Charges One, Two, and Three, the respondent has violated DR 1-102 (A) (1) (22 NYCRR 1200.3 [a] [1]).

Charge Five alleges that the respondent is guilty of failing to act competently as an attorney. In or about 1984 John Lee was indicted in the Supreme Court, Kings County, on charges of manslaughter in the first degree and criminal possession of a weapon in the second degree. The respondent served as Mr.

Lee's attorney at the trial before Justice Julius Vinik and a jury. The respondent represented Mr. Lee without making adequate preparation for his client's defense and failed to represent Mr. Lee zealously. After trial, Mr. Lee was convicted of manslaughter in the first degree and criminal possession of a weapon in the second degree and was sentenced to concurrent terms of two to six years and one and one-half to four and one-half years' imprisonment. By decision and order of the Appellate Division, Second Department, dated April 6, 1987, Mr. Lee's conviction was reversed, based upon a determination that the legal representation provided by the respondent constituted a denial of the defendant's right to the effective assistance of counsel *(see, People v Lee,* 129 AD2d 587). By reason of the foregoing, the respondent violated DR 6-101 (A) (2) (22 NYCRR 1200.30 [a] [2]).

Charge Eight alleges that by his representation of John Lee, the respondent is guilty of failing to represent his client zealously in contravention of DR 7-101 (A) (1) (22 NYCRR 1200.32 [a] [1]).

Charge Nine alleges that the respondent's representation of John Lee violated DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Ten alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law. During the calendar years 1978 through 1988, the respondent failed to file Federal and New York State personal income tax returns, thereby violating DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Eleven alleges that the respondent is guilty of conduct prejudicial to the administration of justice. During the calendar years 1986 through 1992, the respondent failed to comply with the biennial attorney registration requirements of Judiciary Law § 468-a and 22 NYCRR 118.1. Pursuant to Judiciary Law § 468-a (5), the respondent's noncompliance constituted conduct prejudicial to the administration of justice. By reason of the foregoing, the respondent violated DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Twelve alleges that the respondent is guilty of conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) by his failure to comply with biennial attorney registration requirements of the Judiciary Law.

Charge Thirteen alleges that, in failing to comply with the biennial attorney registration requirements, the respondent has violated DR 1-102 (A) (1) (22 NYCRR 1200.3 [a] [1]).

Upon a review of the charges, we find that the Special Referee properly sustained Charges One through Five and Charges Eight through Thirteen. We further find that the evidence presented at the disciplinary proceeding did not establish a violation of the Disciplinary Rules cited in Charges Six and Seven, and these charges should not, therefore, have been sustained. The petitioner's motion to confirm is therefore granted to the extent that it seeks to confirm the Special Referee's findings with respect to Charges One through Five and Eight through Thirteen, and is otherwise denied.

In confirming the Special Referee's findings with respect to Charges Five and Eight, we take particular note of the fact that these charges are premised on a decision wherein this Court reversed a conviction and ordered a new trial based on the respondent's ineffective assistance of counsel *(see, People v Lee,* 129 AD2d 587, *supra).* We find that, while a determination that an attorney has rendered ineffective assistance of counsel will not, in all cases, necessarily result in a determination of ethical misconduct, the specific admissions of the respondent in this case clearly establish a violation of certain Disciplinary Rules. The respondent's admission, during the disciplinary proceeding, that he proceeded to trial despite being unprepared to proceed, established a violation of DR 6-101 (A) (2) (22 NYCRR 1200.30 [a] [2]). The respondent's further admissions that he failed to place his level of unpreparedness on the record, and made no attempt to make a record of his alleged inability to hear testimony during the trial, constituted an intentional failure to seek the lawful objectives of his client in violation of DR 7-101 (A) (1) (22 NYCRR 1200.32 [a] [1]).

In determining an appropriate measure of discipline to impose, we have considered the number of ethical violations involved and the length of time of continuous violations, i.e., over 10 years of failing to file income tax returns and over five years of failing to register. Under the circumstances, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Referee's report is granted to the extent that the report of the Special Referee with respect to Charges One through Five and Eight through Thirteen is confirmed, and the motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Leo Agrillo, admitted under the name Leo J. Agrillo, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Leo Agrillo is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.