■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER CAMPBELL, Appellant. [606 NYS2d 736] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered February 10, 1992, convicting him of criminal possession of a forged instrument in the second degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the hearing court did not err in denying suppression of the eyewitness's in-court identification of the defendant. The identification procedure consisted of two separate arrays, each with six photographs. The defendant was the only individual whose likeness appeared in both arrays, albeit in two distinctly different photographs. Before the eyewitness made the identifications, the police told him that a suspect's photograph was included in each array. Presented in this fashion, the eyewitness was easily able to deduce that the individual suspected by the police was the defendant. There is also some indication in the hearing record that the eyewitness may have been shown the first photographic array a second time, immediately before viewing the second array. If true, this would effectively eliminate the possibility that attenuation between the viewing of the two arrays nullified any possible impropriety in the identification procedure. Under the totality of the circumstances of this case, we find that the identification procedure was impermissibly suggestive.

However, it is well-settled that even when an identification is the product of a suggestive pretrial identification procedure, a witness will nonetheless be permitted to identify a defendant in court if that identification is based upon an independent source (see, Neil v Biggers, 409 US 188, 199-200; People v Benbow, 180 AD2d 805). The hearing record indicates that the eyewitness was a retired, 21-year police veteran who, in his present occupation as a bank teller, processed the transaction in which the defendant cashed the forged instrument. The perpetrator, seated in a van with "T.F. Andrews Co." prominently displayed on the side, presented the forged instrument, drawn on the "T.F. Andrews Co." account, at the bank's drive-up window. During the course of the three-to-five minute transaction, the eyewitness had an unobstructed, eye-level view of the defendant, in daylight, from a distance of approximately three feet. The eyewitness further testified that he specifically recalled the subject transaction because, in response to a growing line of customers, he had knowingly violated the bank's rule requiring identification. Accordingly, by virtue of the eyewitness's hearing testimony, we conclude the People have demonstrated by clear and convincing evidence that there existed an independent source for the eyewitness's in-court identification of the defendant (see, People v Benbow, 180 AD2d 805, supra; People v Hyatt, 162 AD2d 713;

*People v Williams,* 126 AD2d 766; *People v Jones,* 125 AD2d 333).

We have examined the defendant's remaining contention and find it to be without merit *(see, People v Coleman,* 70 NY2d 817, 819; *People v Adams,* 69 NY2d 805, 806). Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.