■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANNY JOHNSON, Respondent. [621 NYS2d 372] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosenzweig, J.), dated November 12, 1993, as granted that branch of the defendant's omnibus motion which was to suppress the complainant's in-court identification testimony.

Ordered that the order is reversed insofar as appealed from,

on the law and the facts, and that branch of the defendant's omnibus motion which was to suppress the complainant's in-court identification testimony is denied.

At a pretrial suppression hearing, the complainant testified that on January 27, 1993, at approximately 3:30 A.M., an assailant approached him, produced a handgun, and demanded money. The complainant refused to hand over his money and in response, the assailant fired a shot at the complainant and then fled. According to the complainant, he and the assailant were "body to body close" during the confrontation and the lighting was bright enough so that he could see the assailant's face. The complainant was subsequently able to provide the police with a detailed description of the assailant.

Several hours after the shooting occurred, the police detained the defendant because he fit the assailant's description and a show-up procedure was conducted, during which the complainant identified the defendant as his assailant. The defendant was thereafter placed under arrest.

In granting that branch of the defendant's omnibus motion which was to suppress the complainant's identification testimony, the hearing court concluded, *inter alia,* that the show-up was unduly suggestive and thus improper. The court further concluded, without making any specific findings of fact, that the complainant's hearing testimony "fail[ed] to establish an independent source for an in-court identification sufficient to overcome the taint" of the suggestive identification procedure. The People now appeal, limiting their argument to the issue of whether the court erred in concluding that there was no independent source for the complainant's identification of the defendant. We reverse.

It is well settled that even where an identification procedure is the product of a suggestive pretrial identification procedure, a witness will nonetheless be permitted to identify a defendant in court if that identification is based on an independent source *(People v Campbell,* 200 AD2d 624, 625; *People v Jenkins,* 184 AD2d 731; *People v Hyatt,* 162 AD2d 713; *see also, Neil v Biggers,* 409 US 188, 199-200). In such a case, the People must demonstrate by clear and convincing evidence that the witness's in-court identification is based on an independent source *(see, e.g., People v Brown,* 187 AD2d 662; *People v Payne,* 149 AD2d 542). The record demonstrates that the People carried their burden with respect to this issue.

Here, the complainant provided a highly detailed descrip-

tion of the defendant's physical features and clothing, describing his assailant as a black man in his early twenties or late teens, five-feet ten-inches tall, weighing 180 pounds, clean shaven but with sideburns down to his ears, wearing a green winter jacket, blue jeans, black sneakers, and a black ski hat with a ball on the top. He further testified that he was face to face with the defendant and able to see and observe his features under the lighting conditions that existed at the time. The complainant's testimony with respect to his ability to see and observe was not impeached in any material fashion at the hearing. We note further that the hearing court made no finding that the complainant's testimony was marred by any inconsistencies or contradictions with regard to his ability to observe the defendant. Nor did the court make any specific finding that the complainant's testimony was lacking in credibility; in fact, the court specifically found that the People's witnesses, including the complainant, were credible (cf., People v Prochilo, 41 NY2d 759). Under the circumstances presented, and in light of the complainant's testimony with regard to his ability to observe the defendant, we conclude that the order of the hearing court insofar as it suppressed the complainant's in-court identification testimony must be reversed and that branch of the defendant's omnibus motion which was to suppress identification testimony denied. Miller, J. P., Joy, Krausman and Goldstein, JJ., concur.