■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY LETMAN, Appellant. [639 NYS2d 948]

Contrary to the defendant's contention, the court properly concluded that there was a source for the in-court identification of the defendant by the undercover detective independent of a suggestive showup identification *(see, People v Howard,* 167 AD2d 418, 419; *People v Hyatt,* 162 AD2d 713).

The defendant has failed to preserve for appellate review his contention that his convictions for criminal possession of a controlled substance in the seventh degree and criminal use of drug paraphernalia in the second degree were not proven by legally sufficient evidence because the People failed to prove that he had dominion and control over the drugs and drug paraphernalia recovered from the apartment *(see,* CPL 470.05 [2]; *People v Monroe,* 216 AD2d 494). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed is not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.