■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS M. FUENTES, Appellant. [658 NYS2d 442] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered February 23, 1996, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that his in-court identification by the undercover officer who bought drugs from him should have been suppressed as there was no independent source for the identification. While the court suppressed the single-photograph identification that the undercover officer made of the defendant after her first buy, it is well settled that a witness may still identify the perpetrator of a crime as part of his or her in-court testimony despite the existence of an unduly suggestive pretrial identification, providing that the People demonstrate by clear and convincing evidence that the witness's in-court identification is based upon an independent source *(see, People v Johnson*, 211 AD2d 730; *People v Campbell*, 200 AD2d 624; *People v Hyatt*, 162 AD2d 713). The hearing record indicates that the undercover officer met with the defendant on 3 separate occasions, in daylight, at close range, and remembered significant details concerning his appearance,

including his clothes, his approximate height, his hair length, the peculiar manner in which he had shaved one eyebrow, his eye color, and his facial hair. Accordingly, by virtue of the eyewitness's hearing testimony, we conclude that the People have demonstrated by clear and convincing evidence that there existed an independent source for the defendant's in-court identification.

Prior to trial, the defendant also moved to preclude identification evidence on the ground that the People failed to provide sufficient notice of their intent to present identification testimony *(see,* CPL 710.30). The notice requirement is excused when a defendant moves for suppression of identification testimony *(People v Kirkland,* 89 NY2d 903; *see also, People v Wise,* 236 AD2d 739; CPL 710.30 [3]; *People v Merrill,* 87 NY2d 948; *People v Lopez,* 84 NY2d 425, 428). "Since the defendant here moved to suppress the identification testimony and received a full hearing on the fairness of the identification procedure, any alleged deficiency in the notice provided by the People was irrelevant" *(People v Kirkland, supra,* at 905).

The defendant's remaining contention is without merit. Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.