■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY ANDERSON, Appellant. [813 NYS2d 725]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at suppression hearing, Michael A. Corriero, J., at jury trial and sentence), rendered June 26, 2002, convicting defendant of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4¹/₂ to 9 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The confused and contradictory steps taken by defense counsel compromised defendant's right to a fair trial, depriving him of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

The hearing court granted defendant's motion to suppress physical evidence and the out-of-court confirmatory identification of defendant by the undercover officer, and no independent source hearing had been sought. Yet, when the matter proceeded to trial before a different justice, during his voir dire of prospective jurors and his opening statement, defense counsel announced that defendant's only defense would be that of agency, thereby conceding defendant's identity as the one who took part in the drug transaction.

Then, when the trial court permitted the undercover officer to make an in-court identification of defendant as the person who had sold him the drugs in question, defense counsel for the first time challenged the admissibility of that identification, claiming that it had already been suppressed. Counsel's conduct made little sense. If counsel believed that the People would not be able to introduce any evidence of defendant's identity as a participant in the drug transaction, there was no logic in conceding the element of identity. Counsel should at least have clarified whether the in-court identification would be ruled admissible before proceeding with an agency defense.

Counsel's conduct after objecting to the in-court identification was likewise ineffective. When the trial court, noting its unfamiliarity with the entirety of the suppression ruling and its assumption from the use of the agency defense that identity

was not at issue, asked the basis for counsel's objection to the in-court identification, counsel made the nonresponsive reply, "Okay," and the court overruled the objection.

Next, although after learning the nature of the suppression ruling, the trial court offered to consider a motion by defendant for a mistrial and a new trial preceded by an independent source hearing, defense counsel ultimately withdrew his motion for a mistrial, at the court's urging. In doing so, he abandoned the issue of the admissibility of the in-court identification. Counsel should have pressed, rather than withdrawn, the mistrial motion, which would have provided an opportunity to litigate the independent source issue and obtain a ruling prior to formulating a trial strategy (see *People v Burts*, 78 NY2d 20, 23-24 [1991]).

On the record before us, we are unable to conclude that defendant was not prejudiced by counsel's failures. Concur—Andrias, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ.