THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JENKINS, Appellant. [831 NYS2d 494]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered December 1, 2003, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to indeterminate terms of imprisonment of 25 years to life on the conviction of murder in the second degree and 5 to 15 years on the conviction of criminal possession of a weapon in the second degree, to run concurrently with each other. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by (1) reducing the sentence imposed on the conviction of murder in the second degree from an indeterminate term of imprisonment of 25 years to life to an indeterminate term of imprisonment of 15 years to life, and (2) reducing the sentence imposed on the conviction of criminal possession of a weapon in the second degree from an indeterminate term of imprisonment of 5 to 15 years to an indeterminate term of imprisonment of 3 to 9 years; as so modified, the judgment is affirmed.

The defendant claims that he was deprived of a fair trial by prosecutorial misconduct during trial and on summation. However, the defendant's contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Medina*, 53 NY2d 951, 953 [1981]). In any event, his claims are without merit as any error was harmless in light of the overwhelming evidence of his guilt (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

The defendant contends that the prosecutor erred in not representing the case for indictment to the grand jury because the eyewitness recanted his original grand jury testimony that he knew the defendant from neighborhood encounters. The defendant does not have the right to have this issue reviewed on appeal from a judgment of conviction that was based on legally sufficient trial evidence (*see* CPL 210.30 [6]; *People v Nealy*, 32 AD3d 400, 402 [2006]; *People v Perry*, 19 AD3d 619, 619-620 [2005]; *People v Bryant*, 234 AD2d 605 [1996]; *People v Cosme*, 228 AD2d 515 [1996]).

Contrary to the defendant's contentions, the prosecution proved by clear and convincing evidence that the eyewitness to the crime identified the defendant in court based on his independent observations during the shooting (*see People v Brown*, 293 AD2d 686 [2002]; *People v Radcliffe*, 273 AD2d 483, 484 [2000]; *People v Fuentes*, 240 AD2d 511 [1997]; *People v Johnson*, 211 AD2d 730, 731 [1995]; *People v Hyatt*, 162 AD2d 713, 714 [1990]; *People v Androvett*, 135 AD2d 640, 642 [1987]; *People v Washington*, 111 AD2d 418 [1985]). Furthermore, under the circumstances of this case, the hearing court properly denied the defendant's application to call an expert witness on the matter of eyewitness identification (*see People v Young*, 7 NY3d 40, 46 [2006]; *People v Lee*, 96 NY2d 157, 162-163 [2001]; *People v Brown*, 97 NY2d 500, 505 [2002]; *People v Mims*, 30 AD3d 539, 540 [2006]).

However, the Supreme Court erred in enhancing the sentence originally imposed upon the defendant, which sentence was vacated upon federal habeas corpus review (*see Jenkins v Artuz*, 294 F3d 284 [2002]). The record is devoid of any objective infor-

mation sufficient to rebut the presumption of vindictiveness that arose from the court's imposition of a sentence greater than that imposed after the initial conviction (*see United States v Goodwin*, 457 US 368, 372 [1982]; *People v Young*, 94 NY2d 171, 176 [1999]; *People v Van Pelt*, 76 NY2d 156, 162 [1990]; *People v Moye*, 4 AD3d 488, 489 [2004]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Krausman, Covello and Balkin, JJ., concur.