People v Goondall (2019 NY Slip Op 04721)





People v Goondall


2019 NY Slip Op 04721


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-11058
 (Ind. No. 791/16)

[*1]The People of the State of New York, respondent,
v
Naveed Goondall, appellant.


Paul Skip Laisure, New York, NY (Anjali Biala of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Vinnette K. Campbell of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered September 19, 2017, convicting him of robbery in the second degree (two counts), menacing in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant and another individual were alleged to have robbed the complainant. The defendant was charged, under an acting-in-concert theory, with, inter alia, robbery in the second degree (two counts), menacing in the second degree, and criminal possession of a weapon in the fourth degree. At the defendant's jury trial, defense counsel advanced a misidentification defense, contending that the complainant had mistakenly identified the defendant as one of two assailants. In his opening statement, defense counsel argued that "this case boils down to your analysis of the incident in order to determine if [the complainant], his identification of [the defendant] is reliable."
During the People's case, the complainant testified that the first assailant held a gun on him, demanding his money, while a second assailant came up behind the complainant, grabbed him by the neck, choked him, and demanded his money. The complainant testified that he managed to struggle free and threw money on the ground before escaping down the street. The complainant testified that the second assailant picked up the money that the complainant had thrown on the ground.
During the course of his testimony, the complainant described the two assailants. However, he twice failed to identify the defendant in the courtroom as one of the assailants. The complainant initially stated that he did not see the second assailant in the courtroom. He later identified a spectator in the courtroom as the second assailant. Only after the prosecutor's third attempt to elicit the identification, did the complainant state that the defendant "look[ed] like" the second assailant. Defense counsel continued to pursue the misidentification defense throughout the [*2]trial, at one point successfully challenging the admission of a surveillance video which purportedly depicted the robbery.
However, on summation, defense counsel argued that the complainant had merely been drawn into a physical altercation with the assailants after they made an offensive remark to him and that the prosecutor had therefore failed to prove that a forcible taking of property had occurred. Defense counsel actually conceded on summation that the defendant had been present with the gunman and repeatedly indicated that the defendant was, in fact, the second assailant. Defense counsel ended his summation by stating: "Now, [the defendant was] with [the first assailant] and if you want to convict him of possession of the BB gun or the air pistol, whatever it is because they're together, okay. Or convict him of menacing, which [the first assailant] may have threatened [the complainant], okay, but he is not guilty of robbery and I ask you to find him so, not guilty of robbery."
In his closing remarks, the prosecutor argued that there was "no doubt" that the defendant was "one of [the] robbers." The prosecutor noted that defense counsel had "conceded that this is the guy." Later in his summation the prosecutor returned to this point: "You should have no doubt in your minds that that's him and defense counsel acknowledged that that's him."
The jury convicted the defendant of robbery in the second degree (two counts), menacing in the second degree, and criminal possession of a weapon in the fourth degree. The defendant appeals, contending that the verdict was against the weight of the evidence, that the Supreme Court should have granted his motion to suppress identification testimony, and that he was deprived of the effective assistance of counsel.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination to deny that branch of the defendant's motion which was to suppress identification testimony. "A witness may identify the perpetrator of a crime as part of his or her in-court testimony, notwithstanding the existence of a procedurally-defective pretrial identification procedure, provided that the People establish by clear and convincing evidence that the in-court identification is based upon the witness's independent observation of the defendant" (People v Radcliffe, 273 AD2d 483, 484). Here, contrary to the defendant's contention, at an independent source hearing, the prosecution proved by clear and convincing evidence that the complainant's in-court identification of the defendant would be based on his independent observations during the robbery (see People v Jenkins, 38 AD3d 566; People v Brown, 293 AD2d 686; People v Radcliffe, 273 AD2d 483; People v Fuentes, 240 AD2d 511).
"[I]n reviewing claims of ineffective counsel [a court must] avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (People v Baldi, 54 NY2d 137, 146). "[T]rial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness" (id. at 146). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (id. at 147). A defendant "bears the burden of establishing his claim that counsel's performance is constitutionally deficient" (People v Nicholson, 26 NY3d 813, 831), by "demonstrat[ing] the absence of strategic or other legitimate explanations for counsel's alleged failure[s]" (People v Wragg, 26 NY3d 403, 409; see People v Sposito, 30 NY3d 1110, 1111).
Here, defense counsel's confused and contradictory actions, effectively conceding the dispositive issue, deprived the defendant of his right to the effective assistance of counsel (see People v LaBree, 34 NY2d 257, 259; People v Anderson, 29 AD3d 370; People v Dinkle, 302 AD2d [*3]1014; People v Lee, 129 AD2d 587). Given defense counsel's opening statement and his conduct throughout the course of the trial in advancing his misidentification defense, his decision to abandon his chosen defense midstream in favor of a nebulous and contradictory argument that no forcible taking of property had occurred, "was so unreasonable, inconsistent, and devoid of any possibility of success that it does not even rise to the level of trial strategy" (People v Lee, 129 AD2d at 588). Under the circumstances, the defendant was deprived of the effective assistance of counsel and is entitled to a new trial.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court