■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered February 25, 1985, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Cohen, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress the defendant's statements and physical evidence are granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At the time that the defendant was stopped, there existed neither reasonable suspicion that he was involved in a crime nor a "founded suspicion that criminal activity [was] afoot" *(see, People v De Bour,* 40 NY2d 210, 223). No criminal activity was observed by the officer and the defendant's actions were completely innocuous. Here, the intrusion by the police officers went well beyond the minimal intrusion for the purpose of requesting information which would be permitted based upon objective credible reasons not necessarily indicative of criminality. The officers' actions thus amounted to an unconstitutional intrusion and the ensuing search was therefore illegal, requiring the suppression of both the statements of the defendant and the weapon in question *(see, Wong Sun v United States,* 371 US 471; *People v Cantor,* 36 NY2d 106; *People v Richardson,* 114 AD2d 473). Thompson, J. P., Brown, Niehoff and Rubin, JJ., concur.