■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS OWENS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered May 7, 1985, convicting him of murder in the second degree and robbery in the first degree (five counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a statement made to the police and to suppress identification testimony.

Ordered that the judgment is affirmed.

The totality of the circumstances surrounding the lineup identification of the defendant support the hearing court's finding of no undue suggestiveness *(see, People v Johnson,* 122 AD2d 812, *lv denied* 68 NY2d 915; *People v Norris,* 122 AD2d 82, *lv denied* 68 NY2d 916; *People v Gairy,* 116 AD2d 733, *lv denied* 67 NY2d 942). In any event, the record clearly shows that there was an independent source for the eyewitness's identification of the defendant *(see, Manson v Brathwaite,* 432 US 98).

The trial court correctly refused to permit the defendant to introduce extrinsic evidence regarding a collateral matter for the sole purpose of impeaching the credibility of the witness Bobbie Knight *(see, People v Pavao,* 59 NY2d 282; *People v Strawder,* 106 AD2d 672).

After viewing the record, we have determined that the assistance of counsel provided to the defendant was "meaningful" *(see, People v Baldi,* 54 NY2d 137).

We have reviewed the defendant's remaining contentions, including those made in his *pro se* supplemental brief, and have determined that they are without merit. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.