■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE COMBS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered August 11, 1983, convicting him of robbery in the first degree, criminal use of a firearm in the first degree and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for

review the denial (O'Dwyer, J.), in part, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The totality of the circumstances surrounding the pretrial identification of the defendant by the complainant supports the hearing court's finding that the procedure was not so suggestive or unfair as to violate due process *(see, People v Blake,* 35 NY2d 331, 340; *cf., People v Osgood,* 89 AD2d 76). In any event, the record clearly shows that there was an independent source for the eyewitnesses' identification of the defendant *(see, Manson v Brathwaite,* 432 US 98; *People v Owens,* 131 AD2d 602; *cf., People v Lane,* 102 AD2d 829, *appeal dismissed* 63 NY2d 865).

As to the defendant's contention that he was prejudiced by the trial court's failure to marshal the evidence, this issue was not preserved for appellate review *(see, People v Berkman,* 124 AD2d 590, 592, *lv denied* 69 NY2d 824). The record indicates that the defense attorney as well as the prosecutor consented when the Trial Judge informed them during a discussion of the proposed charge to the jury that the evidence would not be marshaled. In any event, we find no merit to this contention.

We have reviewed the defendant's remaining contentions and have determined that they are without merit. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.