■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT THOMAS, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Green-

spun, J.), entered February 5, 1979, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court (Lagana, J.), dated October 28, 1983, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

On December 26, 1977, the defendant and the codefendant, Victor Marchand, robbed an after-hours club at gunpoint, shooting William Huhn, a friend of the barmaid, Doreen Mazzio. Huhn later died of his wounds.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the court's charge to the jury was so confusing as to be prejudicial is without merit. The jury, upon returning its guilty verdict on the intentional murder count pursuant to the court's instructions, which instructions appeared at the foot of the verdict sheet that had been agreed upon by both the People and the defendant, was told by the court to return to deliberate further on the robbery and weapons charges, contrary to instructions. The court, apparently realizing its mistake, recalled the jury 15 minutes later. The jury then returned the same guilty verdict on the intentional murder count pursuant to the court's original instructions. Clearly there was no confusion respecting the jury's intent to convict the defendant of intentional murder (see, e.g., People v Wood, 129 AD2d 598, 599).

The defendant further claims error in the People's summation. However, the claimed errors in the prosecutor's remarks in summation were, for the most part, unpreserved for appellate review (see, People v Dordal, 55 NY2d 954, 956). In any event, the remarks were permissible responses to the summations of defense counsel and cocounsel in which Mazzio's credibility was impugned (see, People v Anthony, 24 NY2d 696; People v Seldon, 128 AD2d 742; People v Oakley, 114 AD2d 473).

Although the two remarks preserved for appellate review exceeded the bounds of proper comment by addressing matters not in evidence (see, People v Ashwal, 39 NY2d 105, 109), the remarks did not deprive the defendant of a fair trial in light

of the overwhelming evidence of his guilt *(see, People v Galloway,* 54 NY2d 398).

Also without merit is the defendant's contention that the identification procedures were unduly suggestive because a physical lineup, the preferred procedure, was not employed. The use of an array of eight photographs is constitutionally permissible where the defendant's photograph is not distinctive *(see, People v Garcia,* 115 AD2d 617, 618; *People v Rolston,* 109 AD2d 854). In any event, Mazzio had ample opportunity to view the defendant during the commission of the crime, thus providing an independent basis for an accurate in-court identification *(see, People v Garcia, supra,* and cases cited therein).

With respect to the defendant's motion to vacate his judgment of conviction pursuant to CPL 440.10, we find that the court did not abuse its discretion in denying the motion. The defendant's allegations of ineffective assistance of counsel are without merit. The defendant alleges that he had notified the District Attorney's office by mail of his desire to appear before the Grand Jury. However, an affidavit from that office alleges no such communication was received. The Grand Jury proceedings took place before counsel was appointed pursuant to County Law article 18-B, and the defendant had allegedly notified his interim Legal Aid counsel of his wish to appear, to no avail. The defendant, however, had five days after his arraignment on the indictment during which to move to dismiss the indictment pursuant to CPL 190.50 (5) (c), after which time the issue is considered waived. The defendant failed to do so despite his having been represented at that time by 18-B counsel for 11 days. Nowhere does the defendant allege that he informed counsel of his thwarted desire to testify.

The court found that the defendant's contentions in his CPL 440.10 motion appeared to be a "recent fabrication" in light of his failure to testify in his own behalf at trial and of his two prior CPL 440.10 motions in which he could have raised the issue but did not do so. CPL 440.10 (3) (c) affords the court discretion to deny a motion to vacate a conviction when the defendant in a previous motion "was in a position adequately to raise the ground or issue underlying the present motion but did not do so." The court's finding should not be disturbed.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.