■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIEGO PENA, Appellant.—

The defendant argues that evidence was seized unlawfully. We disagree and find that the police officer's stop of the defendant's vehicle was not improper, given his violation of the Vehicle and Traffic Law (see, Vehicle and Traffic Law § 1202 [a] [1] [a]; *People v Ellis*, 62 NY2d 393; *see also, People v Harvey*, 146 AD2d 585). We further find that the action of the police officer in shining a flashlight into the interior of the vehicle did not constitute an unreasonable intrusion (see, *People v Price*, 54 NY2d 557). Moreover, since the evidence was visible from the exterior of the vehicle, suppression is not warranted (see, *People v Allah*, 131 AD2d 765).

We further hold that the defendant was properly sentenced as a second felony offender since at the time of his sentencing he had been previously convicted in this State of a felony for which a sentence to a term of imprisonment in excess of one year was authorized and that prior conviction had not been imposed more than 10 years before the commission of the felony of which he now stands convicted (Penal Law § 70.06 [1] [b]).

By pleading guilty to criminal mischief in the fourth degree, the defendant has forfeited his right to claim that he was denied his statutory right to a speedy trial (see, CPL 30.30; *People v Suarez*, 55 NY2d 940; *see also, People v Ervin*, 125 AD2d 406). Moreover, since this claim had not been advanced in the Supreme Court, it is unpreserved for appellate review (see, *People v Jordan*, 62 NY2d 825; *see also, People v Hawkins*, 147 AD2d 587). Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.