■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BASKET, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered January 20, 1989, convicting him of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's present contention, the seizure of the weapon from the vehicle in which he and his codefendant had been riding was not unlawful. The record demonstrates that an identifiable citizen approached the police and informed them that he had just been assaulted by two men armed with a gun. He provided them with a description both of the vehicle in which his assailants were riding and of the physical characteristics and attire of one of the attackers.

Shortly after the incident, and in close proximity to the crime scene, the police stopped a vehicle which matched this description and in which the defendant and his codefendant were seated. The citizen was transported to the scene and promptly identified them as his assailants, whereupon they were arrested. After searching both men for the weapon, the police searched the car and found the gun wrapped in a towel on the front passenger area of the floor. Hence, inasmuch as the officers had a reasonable belief that a weapon might be discovered, their search of the vehicle and seizure of the weapon from the towel was proper (see, People v Ellis, 62 NY2d 393).

Similarly unavailing is the defendant's claim that his statutory right to a speedy trial was violated. After subtracting those periods of delay attributable to the defendant's pretrial motions (see, CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523), and to adjournments consented to by the defense (see, CPL 30.30 [4] [b]; People v Meierdiercks, 68 NY2d 613), the total time chargeable to the People falls well within the permissible six-month time limit.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.