■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE N. JONES, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of four counts of second degree murder, first degree robbery, and first degree burglary, defendant contends that the court erred in refusing to instruct the jury on the affirmative defense to felony murder; that the court erred in instructing the jury on felony murder by a single participant; that the conviction for intentional murder was inconsistent with that for depraved mind murder; that identification ("observation") testimony was improperly admitted; that the court should have dismissed the indictment on the ground that the People withheld exculpatory evidence from the Grand Jury; and that the sentence is harsh and excessive. There is no merit to defendant's contentions.

No reasonable view of the evidence provided a basis for charging the affirmative defense to felony murder or for charging felony murder by multiple participants *(see, People v*

*Butts,* 72 NY2d 746, 750; *People v Watts,* 57 NY2d 299, 301). Defendant's second statement to police failed to establish the essential elements of the affirmative defense that defendant "[h]ad no reasonable ground to believe" that his accomplice was armed with a dangerous instrument and "[h]ad no reasonable ground to believe that any other participant tended to engage in conduct likely to result in death or serious physical injury" (Penal Law § 125.25 [3] [c], [d]). Moreover, since the affirmative defense was not established, it was immaterial whether defendant was charged with commission of felony murder as a principal or an accomplice.

Although intentional murder and depraved mind murder are inconsistent counts that must be charged in the alternative *(see, People v Gallagher,* 69 NY2d 525), defendant's conviction on both counts does not require reversal. Defendant did not object when the court submitted both counts nor did he object to the jury verdict, and thus he has failed to preserve the claim for our review *(People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674; *People v Paxhia,* 140 AD2d 962, 963, *lv denied* 72 NY2d 960).

Notwithstanding the People's failure to serve a CPL 710.30 notice, the court did not err in admitting "observation" testimony concerning defendant's appearance at the time of the crime *(see, People v Sanders,* 66 NY2d 906; *People v Myrick,* 66 NY2d 903). Where the witness's description of defendant was given before identification procedures were conducted, such description could not have been tainted by those procedures and thus there was no basis for excluding it.

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from judgment of Oneida County Court, Murad, J.—murder, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lowery, JJ.