■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Also Known as JAMES E. JONES, Appellant.— Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered June 30, 1989, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED JONES and ROBERT F. RICE, Appellants.—Appeals by the defendants from two judgments (one as to each of them) of the Supreme Court, Westchester County (Rosato, J.), both rendered December 21, 1988, convicting them of robbery in the first degree, robbery in the second degree (two counts),

grand larceny in the fourth degree, assault in the second degree and criminal possession of a weapon in the fourth degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendants Alfred Jones and Robert Rice were jointly tried before a jury and convicted of robbery in the first degree and related charges in connection with an attack upon the complainant on a street in New Rochelle and the forcible taking of his wallet containing $1,000 in cash. The flight of the defendants from the scene of the crime was witnessed by a passing motorist who, upon encountering the bleeding complainant pleading for help, pursued the defendants until they disappeared into an apartment building.

After the defendant Jones was arrested for an unrelated robbery, a photograph taken of him was placed in a photographic array, and he was identified by the complainant. He argues that his arrest for the unrelated matter was effected without probable cause and, as a consequence, a photograph taken of him in the course of processing that arrest and subsequently included in the photographic array shown to the complainant in this case was the product of illegal police conduct. On that basis, he contends that the complainant's in-court identification of him should not have been admitted without proof of an independent source.

At the outset, contrary to the People's contention, we find this issue as to the allegedly tainted identifications properly preserved for appellate review, since the hearing court specifically directed a *Wade* hearing on both the issues of suggestiveness and "whether or not either, or both, of the noticed identifications should be suppressed as fruit of the poisonous tree in the event, *arguendo,* the court finds the defendant was unlawfully arrested [for an unrelated robbery]. See *U.S. v Crews,* 445 US 463."

On the merits, we are satisfied from the totality of the circumstances that there was sufficient information to lead a reasonable person who possessed the same expertise as the arresting officer to conclude that the defendant had committed the unrelated robbery *(see, e.g., People v McRay,* 51 NY2d 594, 602; *People v McKay,* 124 AD2d 828). The arresting officer possessed information connecting the defendant to the unrelated robbery. When queried concerning his whereabouts at the time in question, the defendant gave a response which placed him at a location remote from the robbery. However, he gave a completely conflicting account after being con-

fronted with evidence placing him in the vicinity of the unrelated robbery. Although the defendant continued to deny his involvement in the unrelated robbery, he admitted in his latter account to being in close proximity to the scene of crime at the time of its occurrence. Under these circumstances, the Supreme Court properly concluded that probable cause existed to arrest the defendant for the unrelated robbery, thus justifying subsequent use of the photograph of him taken in connection therewith.

Equally without merit is the contention of the defendant Jones that the array of eight photographs was unduly suggestive. We have examined the photographic array and conclude that the characteristics of the men featured in the photographic array were sufficiently similar that the complainant's attention was not drawn to only one subject (see, e.g., People v Thomas, 147 AD2d 510, 512; People v Dubois, 140 AD2d 619, 622).

Both defendants argue that the trial court's supplemental instructions to the jurors on two occasions coerced them into reaching a verdict and diluted the reasonable doubt standard of proof. A review of the supplemental charges on both occasions reveals they they were each a proper response to the jury's inquiries, were neutral in tenor, and did not direct the jurors to consider any particular view of the facts (see, People v Pagan, 45 NY2d 725, 727; People v Brooks, 152 AD2d 591; People v Speights, 151 AD2d 793; cf., People v Nieves, 124 AD2d 603). Accordingly, neither supplemental charge was coercive. Nor does the supplemental charge on reasonable doubt constitute reversible error. When considered either alone or together with the rest of the charge on reasonable doubt we find that the court's supplemental instructions on reasonable doubt properly conveyed to the jury the correct standard of proof (see, People v Quinones, 123 AD2d 793).

We have considered the remaining contentions of the defendant Jones and find that they likewise do not warrant reversal. Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.