■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS BURRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered February 3, 1989, convicting him of robbery in the second degree, assault in the second degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly declined to suppress the lineup and in-court identification testimony of two prosecution witnesses. The defendant argues that the witnesses' viewings of a high school yearbook were unduly suggestive and thus tainted the subsequent lineup procedures. However, the record reveals no evidence that the yearbook displayed the defendant's photograph in an unduly suggestive manner *(see, People v Jones,* 166 AD2d 722;

*People v Thomas,* 147 AD2d 510, 512). Also, we discern no undue suggestiveness in the lineup procedures. The lineup participants reasonably resembled the defendant *(see, People v Chalmers,* 163 AD2d 528; *People v Stokes,* 156 AD2d 401; *cf., People v Owens,* 74 NY2d 677, 678). In any event, the record amply supports the hearing court's finding that the two witnesses had substantial independent sources for their identifications *(see, People v Chalmers, supra; People v Callace,* 143 AD2d 1027; *People v Minota,* 137 AD2d 837, 838; *People v Johnson,* 129 AD2d 739, 740).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.