■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE FRANK GREER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered March 22, 1989, convicting him of robbery in the first degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, grand larceny in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly declined to suppress the in-court identification testimony of the complaining witness. Although the court found that the lineup conducted by the police was impermissibly suggestive, it is well settled that even where "a suggestive identification procedure [was] employed by police, a witness will nonetheless be permitted to identify the defendant in court if that identification is based on an independent source" *(People v Johnson,* 129 AD2d 739, 740; *People v Smalls,* 112 AD2d 173). At bar, the testimony adduced at the *Wade* hearing established that the complainant observed the defendant in broad daylight on at least three separate occasions during the course of the robbery. The complainant and the defendant

initially made eye contact from a distance of about six feet. The complainant then additionally observed the defendant's face as he handed him his wallet, and again as he complied with the defendant's order to exit his vehicle. Moreover, the complainant provided a fairly accurate and detailed description of the defendant to the police, noting his height, weight, overall facial structure and "cropped" haircut immediately after the robbery, and prior to viewing the defendant in the lineup. Accordingly, we find that the witness had an independent source for his in-court identification of the defendant *(see, People v Burris,* 171 AD2d 668; *People v Colson,* 148 AD2d 626; *People v Williams,* 126 AD2d 766).

Furthermore, we reject the defendant's contention that the trial court improvidently exercised its discretion by refusing to admit into evidence certain photographs which were offered to establish that he could not have grown a small mustache and goatee in the approximately one-week period between the robbery and his arrest. The court properly refused to admit the subject photographs without the defendant's corroborative testimony to serve as a foundation establishing that he did not trim the growth of his mustache and beard during the time period in question *(see, People v Scarola,* 71 NY2d 769, 777; *People v Knowell,* 127 AD2d 794). We note that the defendant's private investigator, who took the photographs over an 11-day period while the defendant was awaiting trial, did not see the defendant for two days during the course of the "experiment", and was not with him on a continuous basis during the subject period. The proposed photographs were therefore inherently unreliable, and their accuracy could not be established without the defendant's testimony. Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.