■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY REID, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered December 18, 1989, convicting him of robbery in the first degree (four counts), robbery in the second degree (four counts), grand larceny in the fourth degree (two counts), criminal possession of a weapon in the second degree, criminal

possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, certain statements he made to law enforcement officials, and identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that certain physical evidence was seized unlawfully. We disagree and find that the police officer's stop of the vehicle in which the defendant was traveling was not improper *(see, People v De Bour,* 40 NY2d 210, 215; *People v Basket,* 159 AD2d 711; *see also, People v Chestnut,* 51 NY2d 14, 21, *cert denied* 449 US 1018; *cf., People v Yiu C. Choy,* 173 AD2d 883). We further find that since the officer was in a lawful position to observe the handgun, three quarters of which was lying in plain view on the floor of the vehicle, the evidence was properly seized *(see, People v Price,* 54 NY2d 557, 562). It was at that point that the defendant was placed under arrest. There was nothing improper in the officer's action of shining his flashlight into the vehicle *(see, People v Price, supra,* at 563; *People v Pena,* 158 AD2d 480).

Contrary to the defendant's contention, the hearing court properly declined to suppress the in-court identification testimony of the complaining witnesses. Although a showup identification conducted by the police was impermissibly suggestive, it is well settled that even in a case in which " 'a suggestive identification procedure [was] employed by police, a witness will nonetheless be permitted to identify the defendant in court if that identification is based on an independent source' " *(People v Greer,* 173 AD2d 557; *see, People v Johnson,* 129 AD2d 739, 740; *People v Smalls,* 112 AD2d 173). Where, as here, one of the complaining witnesses observed the defendant for 10 minutes and the other for 30 minutes while they were held captive by him and where, as here, both witnesses were able to provide accurate descriptions of the defendant to the police prior to viewing him after his arrest, they had an independent source for the in-court identifications *(see, People v Greer; supra, People v Burris,* 171 AD2d 668).

Finally, there is no merit to the defendant's claim that the statements he made to the police, after he requested to speak with them just 10 minutes after his arrest and after he signed a *Miranda* card, were anything but voluntarily and knowingly made *(see, e.g., People v Sirno,* 76 NY2d 967). Kunzeman, J. P., Rosenblatt, Miller and Ritter, JJ., concur.