■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DEY, Also Known as ROBERT CONNYER, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered April 5, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in refusing to admit into evidence a photograph taken of the defendant two days after his arrest. The photograph depicts the defendant wearing a blue jacket, and would have supported the defendant's attempt to establish that he had been the victim of mistaken identification, because the undercover officer had described the individual who had sold him cocaine as wearing a burgundy-colored jacket. During the two days between the time the defendant was arrested and the taking of the photograph, the defendant was confined to a holding cell with numerous other prisoners. The photograph was therefore inherently unreliable as proof of the defendant's appearance at the time of the drug transaction *(see, People v Greer,* 173 AD2d 557).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the seventh degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). The trial testimony of Officer Curasi indicated that although there was nothing on the floor of the prisoners' van where the defendant had sat down, when the defendant arose from the same spot an hour and a half later, the officer discovered "directly under him * * * seven glassines of heroin", which the officer described as "flat". The officer further testified that the search he had conducted of the defendant prior to placing him on the van had been a cursory one which did not extend to the defendant's undergarments or crotch

area and that an individual—such as the defendant in this case—whose hands are handcuffed behind his back, still has the freedom to move his hands inside his pants and undergarments. The jury could have thus reasonably inferred that the defendant possessed the packets of heroin at the time of his arrest and that while confined to the van, was able to remove them from his body.

We have reviewed the defendant's remaining contentions and conclude that they are without merit. Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.