■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY ANTHONY THOMPSON, Appellant. [610 NYS2d 874] —Ap-

peal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered February 25, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal sale of a controlled substance in the third degree, as a result of his sale of drugs to an undercover police officer on June 26, 1990. The defendant contends, *inter alia,* that he was denied a fair trial due to the admission of testimony of other police officers which improperly bolstered the identification testimony of the undercover police officer who made the purchase of the drugs. However, the alleged errors are unpreserved for appellate review, since the defendant either failed to object to the admission of the testimony complained of, merely registered a general objection, or specified grounds which are different from the grounds he raises on this appeal *(see, People v Voliton,* 83 NY2d 192; *People v West,* 56 NY2d 662; *People v Qualls,* 55 NY2d 733).

In any event, the errors, if any, do not warrant reversal in view of the overwhelming evidence of the defendant's guilt *(see, People v Holt,* 67 NY2d 819; *People v Johnson,* 57 NY2d 969; *People v Crimmins,* 36 NY2d 230; *People v Larsen,* 157 AD2d 672; *People v Briggs,* 156 AD2d 574).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.