■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAHLON STEWARD, Appellant. [614 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered May 13, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly declined to suppress the in-court identification of the defendant by a witness to the robbery. The testimony adduced at the *Wade* hearing establishes that the witness observed the defendant at close range, under good lighting conditions, for approximately two minutes, and that the witness gave a detailed description of the defendant to the police the day after the robbery. Thus, although the hearing court found that the lineup conducted by the police was impermissibly sugges-

tive, there was an independent source for the witness's in-court identification of the defendant *(see, Manson v Braithwaite,* 432 US 98; *People v Reid,* 175 AD2d 815; *People v Greer,* 173 AD2d 557; *People v Tomilin,* 131 AD2d 897; *People v Owens,* 131 AD2d 602; *Matter of Michael J.,* 117 AD2d 602).

The defendant's contention that the trial court erred in permitting the complainant to describe the defendant's appearance at the time of the crime is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Clarke,* 81 NY2d 777; *People v Bynum,* 70 NY2d 858; *People v Thompson,* 203 AD2d 497). In any event, the defendant's contention is without merit. The complainant gave a description of the defendant to the police prior to the suggestive photographic identification that was conducted by the police. Thus, the complainant's in-court description of the defendant at the time of the crime was not tainted by the photographic identification, and there was no basis for excluding it *(see, People v Moss,* 80 NY2d 857; *People v Sanders,* 66 NY2d 906; *People v Myrick,* 66 NY2d 903; *People v Jones,* 163 AD2d 911).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.