■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE G. WALLACE, Appellant. [615 NYS2d 734] —Appeal by the defendant, as limited by his brief, from a resentence of the County Court, Suffolk County (Weissman, J.), imposed February 4, 1993, upon his plea of guilty to robbery in the first degree (two counts), the resentence being two concurrent indeterminate terms of 6 to 18 years imprisonment.

Ordered that the resentence is affirmed.

The defendant pleaded guilty to two counts of robbery in the first degree upon an agreement whereby he would be sentenced as a second felony offender to concurrent terms of 7 to 14 years imprisonment, and was sentenced accordingly. On appeal, this Court vacated the defendant's sentence, and remitted the matter to the County Court for resentencing upon

a finding that it was improper to sentence the defendant as a second felony offender because his prior New Jersey conviction was not the equivalent of a New York felony *(see, People v Wallace,* 188 AD2d 499). Upon resentencing, the court initially indicated a desire to impose concurrent indeterminate sentences of 7 to 21 years imprisonment, based upon its determination that a minimum term of imprisonment of 7 years, to which the defendant had originally agreed, was appropriate. The defense counsel stated, in open court, that he had discussed a sentence of 6 to 18 years imprisonment with his client, and that the defendant was willing to accept such a sentence. The defendant himself asserted that he knew the law and that he had only challenged his original sentence because he did not believe that he should have been sentenced as a second felony offender. The court subsequently imposed the agreed-upon sentence of 6 to 18 years imprisonment. The defendant having voiced his consent to the resentence, he cannot now be heard to complain that the resentence imposed was inappropriate *(see, People v Pena,* 158 AD2d 480; *see also, People v Kazepis,* 101 AD2d 816). Sullivan, J. P., Lawrence, Pizzuto and Joy, JJ., concur.