■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PERYEA, Appellant. [661 NYS2d 820] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the suppression court erred in refusing to suppress the in-court identification testimony of an eyewitness to the crime. "[I]t is well settled that even where 'a suggestive identification procedure [was] employed by police, a witness will nonetheless be permitted to identify the defendant in court if that identification is based on an independent source' " (*People v Greer*, 173 AD2d 557, *lv denied* 78 NY2d 1011, quoting *People v Johnson*, 129 AD2d 739, 740). Although the identification procedure was impermissibly suggestive, the record supports Supreme Court's conclusion that the eyewitness had an independent source for her identification of defendant (*see, People v Bostic* [appeal No. 2], 222 AD2d 1073, 1074, *lv denied* 88 NY2d 876; *People v Tinh Phan*, 208 AD2d 659, 660, *lv denied* 85 NY2d 867). The witness testified that she observed the perpetrators in adequate light for two to five minutes and had a clear view of defendant's face (*see, People v Bostic, supra; People v Tinh Phan, supra; People v Sterling*, 141 AD2d 680, *lv denied* 73 NY2d 790).

Defendant further contends that the court erred in permitting the People to elicit testimony concerning uncharged crimes. Because defendant failed to object to the admission of that testimony, the issue has not been preserved for our review (*see,* CPL 470.05 [2]; *People v Negron*, 136 AD2d 523, 526).

We further conclude that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147; *People v Trait*, 139 AD2d 937, 938, *lv denied* 72 NY2d 867). Defense counsel's failure to make a pretrial motion to suppress does not compel the conclusion that counsel was ineffective (*see, People v Walker*, 234 AD2d 962).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.