■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD GRIMES, Appellant. [735 NYS2d 857] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his motion to suppress the victim's identification of defendant. Contrary to defendant's contention, the photo array was not unduly suggestive (*see, People v Turman*, 275 AD2d 901, *lv denied* 95 NY2d 970). The subjects in the array were of similar age and appearance (*see, People v Owens*, 275 AD2d 905, *lv denied* 95 NY2d 937), and "the viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (*People v Rogers*, 245 AD2d 1041; *see, People v Price*, 256 AD2d 596, 597, *lv denied* 93 NY2d 928). In any event, the victim had an independent basis for his in-court identification of defendant (*see, People v Dixon*, 158 AD2d 467, *lv denied* 76 NY2d 733).

Defendant failed to object to the testimony of a police officer and the victim concerning the victim's pretrial photo identification on the ground that such testimony constituted improper bolstering and therefore failed to preserve for our review his present contention that the court erred in admitting the

testimony on that ground (*see, People v West*, 56 NY2d 662, 663). In any event, defendant's contention lacks merit. Defense counsel's cross-examination of prosecution witnesses created "an unfair 'misimpression' about the [victim's] identification which [could] be cured by testimony about the photo identification" (*People v Cuiman*, 229 AD2d 280, 282, *lv denied* 90 NY2d 903). The testimony concerning the photo identification established that defendant was not arrested and charged with the crime solely on the basis of the victim's initial description of his assailant (*cf., People v Cuiman, supra*, at 282-283; *People v Gonzalez*, 225 AD2d 417, 418, *lv denied* 88 NY2d 936).

We reject the further contention of defendant that the court erred in precluding him from calling two witnesses who had declared their intention to assert the privilege against self-incrimination. "[T]he decision whether to permit defense counsel to call a particular witness solely 'to put him to his claim of privilege against self incrimination in the presence of the jury' rests within the sound discretion of the trial court" (*People v Thomas*, 51 NY2d 466, 472). Here, the court properly exercised its discretion in precluding both witnesses from testifying on the ground that the invocation of their right against self-incrimination might lead the jury to infer that they, and not defendant, were guilty (*see, People v Thomas, supra*, at 472; *see also, People v Sapia*, 41 NY2d 160, 163-164, *cert denied* 434 US 823). We reject defendant's further contention that the court should have compelled one of the two witnesses to testify, notwithstanding his invocation of his privilege against self-incrimination. The "general rule [is] that the witness is the judge of his right to invoke the privilege" (*People v Arroyo*, 46 NY2d 928, 930). Here, the court had no basis from which to conclude that the witness's invocation of the privilege was "clearly contumacious" (*Matter of Grae*, 282 NY 428, 433-434), nor was there a basis for concluding that it was "patently clear that the witness['s] answer [could not] subject him to prosecution" (*State of New York v Skibinski*, 87 AD2d 974). Defendant failed to preserve for our review his further contention that the prosecution should have granted immunity to one of the two witnesses (*see*, CPL 50.20 [2]). Finally, defendant received effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147; *see also, People v Ofield*, 280 AD2d 978, 978-979, *lv denied* 96 NY2d 832). (Appeal from Judgment of Oneida County Court, Dwyer, J.—Robbery, 1st Degree.) Present—Green, J. P., Hayes, Hurlbutt, Burns and Lawton, JJ.