■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OVIDIO SANCHEZ, Appellant. [738 NYS2d 636] —Appeal from a judgment of Erie County Court (D'Amico, J.), entered October 5, 1998, convicting defendant after a nonjury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant contends that the pretrial identification procedure was unduly suggestive and that County Court therefore erred in denying his motion to suppress the complainant's identification testimony. At the suppression hearing, defense counsel contended that there was a "wide latitude for misidentification under the lighting circumstances * * * and I think it's very possible there's a misidentification," and thus defendant's present contention is unpreserved for our review (*see, People v Ramsey*, 288 AD2d 240, 241; *People v Alexander*, 226 AD2d 548, 548-549, *lv denied* 88 NY2d 979; *see generally, People v Tutt*, 38 NY2d 1011, 1012-1013). Were we to exercise our power to address defendant's present contention as a matter of discretion in the interest of justice, we would conclude that "the procedure was not unduly suggestive and [that] the complainant's identification of the defendant was spontaneous" (*People v Walker*, 285 AD2d 481, 481, *lv denied* 97 NY2d 643; *see, People v Clark*, 85 NY2d 886, 888). In any event, the complainant had an independent basis for her identification, having observed defendant "face to face" under good lighting conditions and having conversed with him concerning the return of her property (*see, e.g., People v Grimes*, 112 AD2d

711; *see also, People v Johnson*, 251 AD2d 183, *lv denied* 92 NY2d 950; *People v Johnson,* 211 AD2d 730, 732, *lv denied* 85 NY2d 974).

Defendant also failed to preserve for our review his contention that the testimony of the police officer with respect to the complainant's identification of defendant constituted improper bolstering (*see, People v West*, 56 NY2d 662, 663), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.