■ The People of the State of New York, Respondent, v Dwayne Nichols, Appellant. [826 NYS2d 359]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered November 1, 2004, convicting him of attempted rape in the first degree, assault in the third degree, criminal possession of a weapon in the third degree, unlawful imprisonment in the first degree, and endangering the welfare of a child (three counts), upon a jury verdict, and sentencing him, as a second felony offender, to a determinate term of imprisonment of 15 years on the conviction of rape in the first degree, an indeterminate term of imprisonment of $3^1/_2$ to 7 years on the conviction of criminal possession of a weapon in the third degree, an indeterminate term of imprisonment of 2 to 4 years on the conviction of unlawful imprisonment in the first degree, one year imprisonment on the conviction of assault in the third degree, and three one year terms of imprisonment on each of the convictions of endangering the welfare of a child, all sentences to run consecutively.

Ordered that the judgment is modified, on the law, by directing that the defendant's sentences for endangering the welfare of a child (three counts) shall run concurrently to all other sentences; as so modified, the judgment is affirmed.

The defendant's arguments relating to an alleged *Rosario/ Brady* violation (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]; *Brady v Maryland,* 373 US 83 [1963]) are not properly before us on this appeal to the extent that they involve factual claims and legal arguments developed only on his CPL 440.10 motion, as the defendant failed to seek and obtain leave to appeal from the order denying that motion (*see People v Warren,* 22 AD3d 773 [2005]). To the extent that his *Rosario/Brady* arguments relate to factual claims and legal arguments developed on his CPL 330.30 motion, the County Court properly denied that motion, as the motion was not based on material that appeared in the record (*see People v Leka,* 209 AD2d 723 [1994]).

The defendant's arguments regarding the trial court's limitation of his cross-examination of the teenaged complainant are without merit.

Because the acts which constituted the crime of endangering the welfare of a child were not separate and distinct from the acts which constituted the crimes of criminal possession of a weapon in the third degree, unlawful imprisonment in the first degree, assault in the third degree, and attempted rape in the first degree, the sentences imposed upon the defendant's convictions of three counts of endangering the welfare of a child should have run concurrently to the sentences imposed upon the defendant's convictions of the other crimes (*see* Penal Law § 70.25).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Adams, J.P., Ritter, Fisher and Covello, JJ., concur.