# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**204**
**KA 11-00855**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

RICHARD A. DEKENIPP, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered February 15, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree, criminal mischief in the fourth degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that all of the sentences imposed shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the third degree (Penal Law § 160.05), criminal mischief in the fourth degree (§ 145.00 [3]), and two counts of endangering the welfare of a child (§ 260.10 [1]), based upon his theft of two pairs of shoes from a department store while his two young children were present. We reject defendant's contention that County Court erred in permitting the store's security guard to make an in-court identification of defendant. Even assuming, arguendo, that the showup procedure was unduly suggestive, we conclude that the People established that the security guard had an independent basis for his in-court identification (*see People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). The security guard testified that he observed defendant over the store's closed-circuit security camera system for approximately five to eight minutes under good lighting conditions and that he was able to obtain "close ups" of defendant. The security guard thereafter observed defendant in the parking lot during daylight hours for approximately five minutes, at which point he was "face to face" with defendant and close enough to touch him (*People v Sanchez*, 292 AD2d 844, 844, *lv denied* 98 NY2d 680 [internal quotation marks omitted]; *see People v Peryea*, 239 AD2d 933, 933, *lv denied* 90 NY2d 909; *People v Bostic* [appeal No. 2], 222 AD2d 1073, 1073, *lv denied* 88 NY2d 876; *People v Nance*, 185 AD2d 610, 610, *lv*

*denied* 80 NY2d 976).

Defendant also contends that the evidence is legally insufficient to support the robbery conviction because it did not establish that he stole shoes from the department store. We reject that contention. "[E]ven in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678 [internal quotation marks omitted]; *see People v Danielson*, 9 NY3d 342, 349). The evidence here included the security guard's testimony that he discovered a new shoe box containing a used pair of shoes in defendant's abandoned shopping cart. He also found a new "Transformers" shoe box containing a pair of used "Spiderman" sneakers in the store's shoe department. A police officer testified that, on the day of the incident, he discovered a pair of new "Transformers" children's sneakers at defendant's house and observed defendant's daughter wearing one new sneaker. We conclude that the evidence, although largely circumstantial, could lead a rational person to conclude that defendant stole shoes from the department store. Additionally, even assuming, arguendo, that a different result would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crime of robbery in the third degree as charged to the jury (*see Danielson*, 9 NY3d at 349), it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that the criminal mischief conviction is supported only by inadmissible hearsay. Any alleged error of the court in admitting in evidence the credit card receipt regarding the payment for a repair of the victim's vehicle, which was struck and damaged by defendant's vehicle during the course of defendant's flight from the store parking lot (*see People v Michallow*, 201 AD2d 915, 916-917, *lv denied* 83 NY2d 874), is harmless inasmuch as the victim's testimony established that the cost of the repair exceeded the statutory threshold (*see People v Singleton*, 291 AD2d 869, 870, *lv denied* 98 NY2d 640).

Defendant's contention that the court should have compelled the testimony of a defense witness who invoked her Fifth Amendment privilege against self-incrimination is likewise without merit. As a general rule, a "witness is the judge of his [or her] right to invoke the [Fifth Amendment] privilege" (*People v Arroyo*, 46 NY2d 928, 930; *see People v Grimes*, 289 AD2d 1072, 1073, *lv denied* 97 NY2d 755). A witness "may claim the privilege based upon the fact that the proposed testimony would be so inconsistent with prior statements under oath as to expose him [or her] to conviction for perjury" (*People v Bagby*, 65 NY2d 410, 413-414 [internal quotation marks omitted]; *see People v Shapiro*, 50 NY2d 747, 759-760). Here, the witness was under indictment for perjury stemming from her allegedly false testimony at the grand jury proceedings in this matter. Based upon our review of the court's questioning of the witness outside the presence of the

jury and with her counsel present, we perceive no basis to conclude that the witness's invocation of the privilege was "clearly contumacious" (*Matter of Grae*, 282 NY 428, 434 [internal quotation marks omitted]; *see Grimes*, 289 AD2d at 1073) or that "the witness'[s] answer[s] [could not] subject [her] to prosecution" (*State of New York v Skibinski*, 87 AD2d 974, 974).

We conclude, however, that the sentence is illegal insofar as the court directed that the sentences imposed shall run consecutively to each other. "Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand" (*People v Davis*, 37 AD3d 1179, 1180, *lv denied* 8 NY3d 983 [internal quotation marks omitted]; *see generally People v Moore* [appeal No. 1], 78 AD3d 1658, 1658, *lv denied* 17 NY3d 798). "[S]entences imposed for two or more offenses may not run consecutively:  (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Ramirez*, 89 NY2d 444, 451 [internal quotation marks omitted]; *see People v Wright*, 19 NY3d 359, 363; *People v Laureano*, 87 NY2d 640, 643; *see also* Penal Law § 70.25 [2]). "The defendant benefits if either prong is present, and the prosecution's burden is to countermand both prongs" (*Wright*, 19 NY3d at 363 [internal quotation marks omitted]).

Here, "the acts which constituted the crime of endangering the welfare of a child were not separate and distinct from the acts which constituted the crimes of" robbery and criminal mischief (*People v Nichols*, 35 AD3d 508, 509, *lv denied* 8 NY3d 925; *see generally Ramirez*, 89 NY2d at 451).  As a result, the sentences imposed on the robbery and criminal mischief counts must run concurrently with the sentences imposed on the endangering the welfare of a child counts. Furthermore, the evidence establishes that, during his flight from the department store, defendant "floored" his vehicle in reverse with his driver's side door open, striking the security guard as well as the vehicle parked beside his vehicle.  Those acts served as the basis for the criminal mischief count and for the "use of physical force" element of the robbery count (Penal Law § 160.00; *see* § 160.05), and thus the sentences imposed on the robbery and the criminal mischief counts must also run concurrently (*see generally People v Sturkey*, 77 NY2d 979, 980-981; *People v Taylor*, 197 AD2d 858, 858-859).  We therefore modify the judgment accordingly.

Entered:  April 26, 2013                          Frances E. Cafarell
                                                  Clerk of the Court