OPINION OF THE COURT
Harold Fertig, J.
In People v Gonzalez (54 NY2d 729), the Court of Appeals explicitly held that Grand Jury testimony of a witness who *436 was unavailable at the time of the trial was "excludable as hearsay evidence” (People v Gonzalez, supra, at 730) and not admissible under the statutory exceptions to the hearsay rule as codified in CPL 670.10. However, the court left open the question of whether, despite the hearsay character of such evidence, a defendant has a constitutional due process right to introduce such testimony (People v Gonzalez, supra, at 730; Chambers v Mississippi, 410 US 284). In the case presented here, defendant Tinh Phan squarely places the issue of his constitutional due process right to present a defense, through the introduction of Grand Jury testimony of an unavailable witness, with this court.
Defendant Phan (hereinafter defendant), charged with the murder of Thomas Stahl outside of a billiards establishment in the Bay Ridge section of Brooklyn, asks this court to permit him to introduce the Grand Jury testimony of Vu Vinh and Phi Trung Tran, who he contends are alibi witnesses, on his direct case. Defendant contends that Vu Vinh and Phi Trung Tran are no longer available to testify in his behalf, and the People have conceded that Vu Vinh is deceased. Defendant asserts that despite the Court of Appeals decision that Grand Jury testimony of a witness constitutes inadmissible hearsay and cannot be admitted under one of the statutory exceptions set forth in CPL 670.10, his constitutional due process right to present a defense requires that this court permit him to introduce such testimony.
I. ADMISSIBILITY OF GRAND JURY TESTIMONY ON DEFENDANT’S DIRECT CASE
CPL 670.10 provides certain limited exceptions to the rule prohibiting the introduction of prior testimony, otherwise classifiable as hearsay, by either the prosecution or the defense at a criminal trial. The statute permits the introduction of "testimony given by a witness at (a) a trial of an accusatory instrument, or (b) a hearing upon a felony complaint conducted pursuant to [CPL] 180.60, or (c) an examination of such witness conditionally, conducted pursuant to [CPL] article (660)” (CPL 670.10 [1]), if that witness cannot attend a subsequent criminal proceeding because of death, illness or incapacity or if he or she cannot be found with due diligence. Both the Court of Appeals and the Appellate Division have strictly and narrowly construed this statute and have limited its ambit to the three types of testimony enumerated in the *437 statute. Thus, in People v Ayala (75 NY2d 422), the Court of Appeals recently held that a redacted transcript of the testimony of an unavailable witness at a Wade hearing was improperly admitted on the People’s direct case. The court reasoned that the statutory exceptions were limited to the issues explored at suppression hearings, relate to the propriety of certain conduct by law enforcement authorities and do not necessarily include the question of guilt or innocence of the accused. In fact, the court stated that testimony suggestive of the accused’s guilt or otherwise harmful to his position may be elicited at a suppression hearing, where no jury is present, which would not be elicited at trial. (People v Ayala, supra, at 429-430; see also, People v Johnson, 145 AD2d 573 [2d Dept], lv denied 73 NY2d 923 [Wade hearing testimony inadmissible].)
Similarly, the appellate courts of the State have held that other types of testimony falling outside of the scope of the exceptions set forth in CPL 670.10 are not admissible (see, e.g., People v Harding, 37 NY2d 130 [testimony at police department disciplinary hearing]). As previously noted, the Court of Appeals has explicitly held that Grand Jury testimony of an unavailable witness cannot be admitted into evidence pursuant to CPL 670.10. (People v Gonzalez, 54 NY2d 729, 730, supra.) Nevertheless, defendant here contends that his constitutional right to present a defense requires that the Grand Jury testimony of unavailable witnesses be admissible during his case, in spite of the statute and its strict interpretation by the Court of Appeals.
II. CONSTITUTIONAL CONSIDERATIONS
One of the "minimum essentials of a fair trial” is the right to present a defense (Chambers v Mississippi, 410 US 284, 294, supra; Rosario v Kuhlman, 839 F2d 918, 924 [2d Cir]). This right is derived from both the Due Process Clause of the Fourteenth Amendment of the US Constitution and article I, §6 of the NY Constitution, and the Compulsory Process Clause of the Sixth Amendment of the US Constitution, and provides the accused with the means to present his version of the facts to the trial jury. It is a fundamental right which enables an accused to present witnesses in his own defense in order for the jury to determine the truth (see, Chambers v Mississippi, supra, at 302; Webb v Texas, 409 US 95; Washington v Texas, 388 US 14, 19; Rosario v Kuhlman, supra; People v Chipp, 75 NY2d 327, 336). Moreover, as the Second Circuit *438 aptly stated in Rosario v Kuhlman (supra, at 924), the right to present a defense "comprehends more than the right to present the direct testimony of live witnesses, and includes the right under certain circumstances, to place before the jury secondary forms of evidence, such as hearsay or * * * prior testimony”. Thus, in Chambers v Mississippi (410 US 284, supra), the United States Supreme Court found that the State trial court, which invoked a State common-law rule of evidence known as the "voucher” rule, prohibiting the defendant from impeaching his own witness through cross-examination or by calling other witnesses to contradict the witness, violated the defendant’s constitutional right to present a defense. Here, as in Chambers, defendant seeks to present an alibi defense by introducing the Grand Jury testimony of Vu Vinh and Phi Trung Tran on his direct case. Yet defendant faces a similar impediment of a narrowly written and constructed State statute, CPL 670.10, which permits the admission of only a very few forms of secondary evidence at a criminal trial, which flies in the face of his constitutional right to present a defense. Accordingly, pursuant to the fundamental right to present such a defense, clearly enunciated in Chambers, neither CPL 670.10, nor case law interpreting that provision can stand in the way of the introduction of the Grand Jury testimony of Vu Vinh and Phi Trung Tran, provided that the testimony meets certain standards for admissibility. Defendant’s constitutional right requires that such testimony be introduced, even though it is hearsay, and even though no exceptions to the hearsay rule are otherwise applicable.
III. STANDARDS FOR ADMISSIBILITY
A defendant may introduce secondary forms of evidence in his defense at a criminal proceeding if (a) the evidence is material to the defense (United States v Agurs, 427 US 97, 112, 113), (b) the evidence bears sufficient indicia of reliability (Ohio v Roberts, 448 US 56, 66), and (c) the defendant establishes that the testifying witness is no longer available (Rosario v Kuhlman, 839 F2d 918, 924, supra; United States ex rel. Bracey v Fairman, 712 F2d 315, 318 [7th Cir]).
A. MATERIALITY
In order for the court to determine that a secondary form of evidence is material to the defense, it must be established *439 that, after viewing the record in its entirety, the "evidence creates a reasonable doubt that did not otherwise exist” (United States v Agurs, supra, at 112).
The court has inspected the Grand Jury minutes of the two purportedly missing witnesses, Vu Vinh and Phi Trung Tran. With respect to Vu Vinh, the court finds that he testified that he saw defendant 10 to 15 minutes after he heard shots fired at the location of the incident. This evidence does not create a reasonable doubt that did not otherwise exist. Accordingly, the testimony of Vu Vinh is not material to the defense case, and the application to introduce the Grand Jury testimony of that witness is denied.
With respect to Phi Trung Tran, the court finds that he testified that he saw defendant playing billiards inside the billiards establishment outside of which the incident occurred at the time he heard shots. This testimony potentially provides defendant with an alibi defense. Therefore, this court finds that the testimony of Phi Trung Tran is material to the defense.
B. INDICIA OF RELIABILITY
Secondary forms of evidence, such as Grand Jury testimony, bear sufficient indicia of reliability "where the same party has had a full and fair opportunity to cross-examine the witness” (Rosario v Kuhlman, 839 F2d 918, 924, supra). The court has examined the Grand Jury testimony of the witness Phi Trung Tran, and finds that he testified before the Grand Jury on behalf of defendant. At that proceeding, he was subjected to a full and extensive cross-examination by the District Attorney, the same party which would have had the opportunity to cross-examine the witness if he testified at the trial for defendant. Accordingly, this court concludes that the Grand Jury testimony of Phi Trung Tran meets the reliability standard required before it may be admissible in evidence.
C. UNAVAILABILITY OF THE WITNESS
A party seeking the introduction of hearsay, i.e., prior testimony or statements of a witness not present at the trial to testify, must show that a good-faith effort has been made to obtain that witness’s presence at the trial, and that the witness cannot with due diligence be found (Ohio v Roberts, 448 US 56, 74; see, Barber v Page, 390 US 719, 724-725; People v Arroyo, 54 NY2d 567, 571, cert denied 456 US 979; Rosario v *440 Kuhlman, 839 F2d 918, 924-925, supra). The extent to which the party seeking to introduce the hearsay must go in order to satisfy the good faith and due diligence requirements is a question of reasonableness (Ohio v Roberts, supra, at 74; California v Green, 399 US 149, 189, n 22 [Harlan, J., concurring]).
A hearing was conducted by this court on October 23, 1990, to determine whether defendant met the good faith/due diligence standard necessary for a finding that Phi Trung Tran is unavailable. Defendant’s counsel testified that in late September, defendant informed him that Tran had left New York City. Counsel made telephone inquiries at Tran’s last known address and place of employment, and determined that he would require an investigator to conduct a further inquiry. The investigator, Robert Ledee, testified that on Friday, October 19, 1990, and Saturday, October 20, 1990, both he and counsel visited various addresses on 43rd Street in Brooklyn including the last known address of Tran. Business cards were left with various people that were interviewed. Subsequently, Ledee visited the local branch of the United States Post Office. He learned that the witness had left a forwarding address in Philadelphia, Pennsylvania, and that another Tran lived on Bayview Avenue in the Coney Island section of Brooklyn.
Ledee and defendant’s counsel then visited the Bayview Avenue address, and spoke to a man who identified himself as Y. Tran. He stated that Phi Trung Tran was his brother, that he did not know where his brother was, but that he believed he was in Pennsylvania. He further indicated that the home was owned by his mother, who was at work, and that he (Y. Tran) had a twin brother whose whereabouts he also did not know. He added that his mother might know the whereabouts of Phi Trung Tran, but he did not know when his mother would arrive home from work. Y. Tran claimed that he worked out of town and visited his mother infrequently. Counsel and Mr. Ledee left business cards with Mr. Y. Tran. Neither counsel nor Mr. Ledee asked Y. Tran when his mother would be home from work.
Counsel telephoned the Bayview Avenue home at approximately 1:30 p.m. and 6:00 p.m. on October 20. Y. Tran answered and informed counsel that his mother had not arrived home. At 9:30 p.m., counsel again called, but there was no answer. Counsel again called the Tran home early in the afternoon on Sunday, October 21. Y. Tran informed counsel that he talked to his mother and that she was going to attempt to contact her son, Phi Trung Tran. On Monday *441 evening, October 22, counsel again called the Bayview Avenue address and spoke to a woman, whose name he did not ascertain, who told him that a Mrs. Luu was the owner of the house but that she was at work. She provided a work telephone number which corresponded to the Manhattan Chinese restaurant where the witness Phi Trung Tran had previously been employed. Counsel spoke to the manager of the restaurant by telephone. He stated that Mrs. Luu was not there. Counsel indicated that he may have spoken to that same restaurant manager on prior occasions when he was in contact with Phi Trung Tran.
Additionally, counsel obtained a telephone number of Phi Trung Tran in Philadelphia. He left a message on an answering machine at that number, and sent a telegram to the Philadelphia forwarding address listed with the post office. Counsel has not actually seen Phi Trung Tran since October 1988.
The court finds that, while defendant has made attempts to find the witness Phi Trung Tran, his efforts have not met the good faith/due diligence standard necessary for a finding that the witness is unavailable. He did not make efforts to physically interview Mrs. Luu and the restaurant manager, nor did he conduct a more extensive interview of Y. Tran with respect to whether other relatives might know the whereabouts of Phi Trung Tran (cf., People v Nettles, 118 AD2d 875 [2d Dept], lv denied 68 NY2d 671 [prosecution, seeking to introduce prior testimony, procured a material witness order and had investigator, over a three-day period, visit the witness’s home, question neighbors in person, and visit other locations where she might have been found]). While this court signed subpoenas on October 23 requiring Mrs. Luu to appear in this court and testify under oath, she has not appeared. In fact, defense counsel had the subpoenas served on Mrs. Luu at the Manhattan Chinese restaurant, but neither defense counsel nor the investigator made any efforts to personally interview her at that location. The extent of the investigation, consisting of ringing doorbells, visiting one relative of the witness, and telephone calls, does not satisfy this court that the witness is unavailable. Accordingly, defendant’s application to introduce the Grand Jury testimony of Phi Trung Tran is denied as defendant has not sufficiently established that he has made a diligent effort to locate the witness Phi Trung Tran.
[Portions of opinion omitted for purposes of publication.]