■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON LEGRANDE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered November 14, 1988, convicting him of robbery in the first degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial. The facts have been considered and are determined to have been established.

The evidence adduced at trial proved the defendant's guilt of robbery in the first degree beyond a reasonable doubt. In order to satisfy the "[d]isplays what appears to be a * * * firearm" element of Penal Law § 160.15 (4), the evidence must establish that the defendant consciously displayed something which could reasonably be perceived as a firearm, with the intent of forcibly taking property from another, and that the victim actually perceived that display *(see, People v Lopez,* 73 NY2d 214, 220; *People v Baskerville,* 60 NY2d 374, 381).

It is well settled that the victim need not actually see a handgun in order for the "display" requirement to be met. Rather, it suffices if the perpetrator, who positions his hand in a manner intended to convey the impression that he has a gun, displays what appears to be a firearm and if his victim perceives it as such *(see, People v Lopez, supra,* at 220; *People v Weatherly,* 144 AD2d 509; *People v Smith,* 142 AD2d 619, 620; *People v Knowles,* 79 AD2d 116). Stated succinctly, the perpetrator must consciously display something that could reasonably be perceived as a firearm, with the intent of compelling an owner of property to deliver it up or for the purpose of preventing or overcoming resistance to the taking *(see, People v Carrington,* 127 AD2d 677).

In this case, the defendant's right hand was partially concealed in his jacket pocket, facing front. The victim saw that the defendant held in his hand a silver object, approximately

one inch thick, which neither tapered nor widened. The defendant repeatedly drew attention to the hidden object by constantly shaking his trigger hand and by taking all of the victim's property with his other hand, and the victim reasonably thought that the object displayed "could have been a gun". Thus, the instant case is in sharp contrast to *People v York* (134 AD2d 637, 638-639), where there was no conscious display of the object with the intent that it be observed. Based on the foregoing, we conclude that the evidence adduced at trial amply supported the defendant's conviction for robbery in the first degree.

We find, however, that the trial court improvidently exercised its discretion in failing to receive into evidence the prior testimony of an alibi witness. While the court properly denied the defendant's request for a continuance until his alibi witness returned to the State, it should have permitted a transcript of this witness's alibi testimony, from a prior trial on the charges, to be received into evidence *(see,* CPL 670.10 [1]).

As the Second Circuit has recently ruled: "The right to present a defense is one of the 'minimum essentials of a fair trial.' * * * It is a right which derives not only from the general fairness requirements of the due process clause of the fourteenth amendment but also, and more directly, from the compulsory process clause of the sixth amendment. It is a right which comprehends more than the right to present the direct testimony of live witnesses, and includes the right, under certain circumstances, to place before the jury secondary forms of evidence, such as hearsay or, as here, prior testimony". *(Rosario v Kuhlman,* 839 F2d 918, 924.)

Contrary to the People's contentions, the defendant exercised due diligence in his attempts to bring the witness before the court. Although it appeared that the witness made misrepresentations to defense counsel and the court concerning the reasons for his absence from the State, the defendant cannot be held responsible for this. Furthermore, the defendant appeared to do everything within his power to keep the court apprised of the whereabouts of the witness and to secure the presence of the witness in court at a future date. Contrary to the court's holding, the subject alibi testimony was material and favorable to the defendant since it established his whereabouts at the time of the crime insofar as indicated by the complainant. As such, it was central to the defense and could have resulted in a different verdict *(cf., People v Grant,* 150 AD2d 388). Therefore, the defendant is entitled to a new trial.

We have reviewed the defendant's remaining contention and find it to be without merit *(see,* CPL 270.35; *People v Page,* 72 NY2d 69). Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.