■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TINH PHAN, Appellant. [617 NYS2d 480] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered July 22, 1991, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

After considering the extent of the delay, the reasons for the delay, the nature of the underlying charge, whether or not there was an extended period of pretrial incarceration, and whether the delay actually prejudiced the defendant, we agree with the Supreme Court's determination that the delay between the defendant's arrest and his motion to dismiss the indictment pursuant to CPL 30.20 did not deprive him of his constitutional right to a speedy trial (see, CPL 30.20; *People v*

*Watts,* 57 NY2d 299, 302-303; *People v Taranovich,* 37 NY2d 442, 444-445). Much of the delay was attributable to the defendant's motion practice and was not the result of dilatory tactics by the People. Further, although the defendant was incarcerated during the delay, the charges against the defendant were serious and required careful preparation *(see, People v Thorpe,* 183 AD2d 795). Additionally, the defendant cannot claim prejudice as a result of the death of a defense witness, since the death occurred during a delay to which the defendant had consented and immediately after a delay of approximately one year caused by the motion practice of the defendant and his codefendant *(see, People v Acevedo,* 176 AD2d 1007).

The hearing court also properly declined to suppress the in-court identification testimony of an eyewitness to the crime. Although the court found that the identification procedures conducted by the police were impermissibly suggestive, "it is well settled that even where 'a suggestive identification procedure [was] employed by the police, a witness will nonetheless be permitted to identify the defendant in court if that identification is based on an independent source' *(People v Johnson,* 129 AD2d 739, 740; *People v Smalls,* 112 AD2d 173)" *(People v Greer,* 173 AD2d 557). In the present case, the evidence adduced at the hearing established that the witness had an unobstructed view of the defendant during the dispute, which occurred in a well-lit area, lasted approximately 3 to 5 minutes, and culminated in the defendant shooting the decedent, a friend of the witness. Thus, the evidence supports the hearing court's conclusion that the witness had an independent source for his identification of the defendant *(see, People v Sterling,* 141 AD2d 680; *People v Hall,* 81 AD2d 644).

We also reject the defendant's contention that he is entitled to a new trial in light of the trial court's denial, after a hearing, of his motion to admit the Grand Jury testimony of two defense witnesses into evidence at trial. A defendant has a constitutional right to introduce secondary evidence when (1) the evidence bears sufficient indicia of reliability, and (2) the witness is no longer available *(see, Ohio v Roberts,* 448 US 56, 66; *Rosario v Kuhlman,* 839 F2d 918). With respect to one of the witnesses in question, the defendant failed to meet his burden of establishing that he made a good faith effort to obtain that witness's presence at trial *(see, Ohio v Roberts, supra,* at 74; *Rosario v Kuhlman, supra,* at 924-925). Furthermore, although the second witness, whose Grand Jury testimony the defendant sought to introduce at trial died prior to

trial and therefore was no longer available, at best the testimony of that witness, if believed, established that the witness saw the defendant in the pool hall 10 to 15 minutes after the shooting, which occurred outside the pool hall. Given that such evidence does not create a reasonable doubt as to the defendant's guilt, the exclusion thereof at trial does not warrant reversal (see, *United States v Agurs*, 427 US 97; *Rosario v Kuhlman*, supra, at 925; cf., *People v Legrande*, 176 AD2d 351).

We also find no merit to the defendant's contention that because of certain discrepancies between the eyewitness's description of the shooter and the defendant's actual appearance, as portrayed in his arrest photograph, the jury should not have believed the eyewitness's identification testimony. Similarly, we find no merit to the defendant's contention that the verdict was against the weight of the evidence, in light of certain discrepancies that existed between the witnesses's testimonies. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur. [See, 150 Misc 2d 435.]