■ The People of the State of New York, Respondent, v Joshua S. Huston, Appellant. [626 NYS2d 625] —Judgment unanimously affirmed. Memorandum: Defendant contends that his statement and physical evidence should have been suppressed because they were the product of an involuntary and unlawful detention without probable cause and because his consent to search was not voluntarily obtained. We disagree. Defendant was not in custody when he made an inculpatory statement and signed a consent to search form *(see, People v Yukl,* 25 NY2d 585, *mot to amend remittitur denied* 26 NY2d 845, 883, *cert denied* 400 US 851; *People v Bell,* 182 AD2d 858, *lv denied* 80 NY2d 927). The record supports the suppression court's determination that defendant's execution of the consent to search form was voluntary *(see, People v Gonzalez,* 39 NY2d 122, 127-130). Defendant's contention that the indictment should be dismissed because of alleged improprieties before the Grand Jury is without merit. Defendant failed to establish the possibility of prejudice as a result of the alleged improprieties and therefore dismissal is not warranted *(see, People v Collins,* 154 AD2d 901, 902, *lv denied* 75 NY2d 769). Finally, defendant contends that the trial court's denial of his motion to admit portions of Jule Huston's Grand Jury testimony violated his statutory and constitutional right to present a defense. There was no statutory violation *(see,* CPL

670.10 [1]; *People v Green,* 78 NY2d 1029), nor was defendant's constitutional right to present a defense impaired because defendant failed to establish that the testimony was material. In any event, Jule Huston was not subjected to traditional cross-examination by the District Attorney, and thus there was not sufficient indicia of reliability *(cf., People v Tinh Phan,* 150 Misc 2d 435, 438-439). (Appeal from Judgment of Niagara County Court, Punch, J.—Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.