■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PAUL, Appellant. [636 NYS2d 80] —Appeal by the de-

fendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered November 12, 1993, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress in-court identification testimony.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court improperly declined to suppress the in-court identification testimony of the complainant. Although the trial court found that the identification procedures conducted by the police were impermissibly suggestive, it is well settled that, even when a suggestive identification is used by the police, a witness may be permitted to identify the defendant in court if the in-court identification is based on an independent source *(see, People v Johnson,* 211 AD2d 730; *People v Tinh Phan,* 208 AD2d 659). The complainant in this case was able to view the defendant face-to-face for four or five minutes in broad daylight during the robbery. Thus, the evidence supports the trial court's determination that the complainant had an independent source for his in-court identification of the defendant *(see, People v Tinh Phan, supra).*

We find that a tape recording of an anonymous telephone call to 911 was properly admitted into evidence under the present-sense-impression exception to the hearsay rule. "[S]pontaneous descriptions of events made substantially contemporaneously with the observations are admissible if the descriptions are sufficiently corroborated by other evidence" *(People v Brown,* 80 NY2d 729, 734; *see, People v Buie,* 86 NY2d 501). The circumstances and events surrounding the defendant's arrest were as the anonymous telephone caller described them, and the testimony of the police officers sufficiently corroborated that the telephone call was made spontaneously and contemporaneously with the events described therein. Therefore, the telephone call was admissible. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.