THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JODY ROBINSON, Appellant. [637 NYS2d 549] —Judgment unanimously reversed on the law, new trial granted on count two of indictment and count one of indictment dismissed without prejudice to the People to re-present any appropriate charges under count one of indictment to another Grand Jury. Memorandum: County Court erred in denying defendant's motion to admit the Grand Jury testimony of a defense witness who was not available to testify at trial. A defendant has the constitutional right to introduce the prior testimony of an unavailable witness at trial if he establishes that (1) the evidence bears sufficient indicia of reliability, and (2) the witness is no longer available *(see, People v Tinh Phan,* 208 AD2d 659, 660, *lv denied* 85 NY2d 867; *People v Legrande,* 176 AD2d 351, 352; *Rosario v Kuhlman,* 839 F2d 918, 924; *see generally,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 670.10). Here, the court properly determined that defendant had made a good faith effort without success to serve a material witness order upon the witness in the State of California and, therefore, met his burden of showing that the witness was unavailable *(see, Ohio v Roberts,* 448 US 56, 74). The court erred, however, in determining that defendant failed to establish that the witness's Grand Jury testimony was sufficiently reliable to merit its admission at defendant's trial *(see, People v Tinh Phan, supra,* at 660). The witness was called before the Grand Jury by the District Attorney, who subjected her to a thorough and extensive examination. Finally, because the witness's Grand Jury testimony involved the central issue at trial, whether the sexual conduct between defendant and the alleged victim was consensual or coerced, a new trial is warranted *(see, People v Legrande, supra,* at 352; *cf., People v Tinh Phan, supra,* at 660-661). Inasmuch as defendant was convicted of the lesser included offense of sexual abuse in the third degree under count one of the indictment, a new trial is granted under count two only and the indictment is otherwise dismissed without prejudice to the People to re-present any appropriate

charges under count one of the indictment to another Grand Jury (see, People v Gonzalez, 61 NY2d 633, 635; People v Jackson, 167 AD2d 893, 894). (Appeal from Judgment of Monroe County Court, Connell, J.—Sexual Abuse, 3rd Degree.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.