■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE CASON, Appellant. [654 NYS2d 666] —Appeal by the defendant from an amended judgment of the County Court, Orange County (Berry, J.), rendered February 15, 1996, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a controlled substance in the fifth degree.

Ordered that the amended judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CLARK, Appellant. [654 NYS2d 665] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered March 23, 1995, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to defendant's contention, the pretrial identification procedures were not unduly suggestive. Fillers in pretrial lineups need not be nearly identical to the defendant in appearance (*see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833). Upon our review of photographs of the lineup, we find that the participants looked sufficiently similar to the defendant (*see, People v Hoehne,* 203 AD2d 480). While one eyewitness was improperly shown a single photograph of the defendant, there was an independent source for that eyewitness's in-court identification (*see, People v Paul,* 222 AD2d 706; *People v Hyatt,* 162 AD2d 713).

The defendant's remaining contention is unpreserved for appellate review and is, in any event, without merit. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.