**Eric CLARK Petitioner–Appellant,**

v.

**Robert H. KUHLMANN, Superintendent, Sullivan Correctional Facility, Respondent–Appellee.**

No. 03–2830.

United States Court of Appeals, Second Circuit.

Feb. 17, 2005.

Ira M. Feinberg (Jeffrey O. Grossman, Diana R. Hyman), New York, NY, for Petitioner–Appellant, of counsel.

Rona Kugler, Assistant District Attorney for Queens County, New York (Richard A. Brown, District Attorney, on the brief, John M. Castellano, Assistant District Attorney), Queens, NY., for Respondent–Appellees, of counsel.

Present: SOTOMAYOR, KATZMANN Circuit Judges, and CEDARBAUM District Judge.*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Petitioner-appellant Eric Clark appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, entered on August 29, 2003, in the United States District Court for the Eastern District of New York (Weinstein, J.).

A jury in the Supreme Court of New York, Queens County, convicted Clark of Robbery in the First Degree and Murder in the Second Degree. On direct appeal, Clark challenged, *inter alia*, the admission of eyewitness testimony identifying him as the shooter as resulting from unduly suggestive pre-trial identification procedures. The Appellate Division rejected these claims, holding that the fillers in the lineup "looked substantially similar to defendant" and that the one witness who had been improperly shown a single photograph of Clark had an independent source for his in-court identification. *People v. Clark*, 236 A.D.2d 620, 654 N.Y.S.2d 665 (N.Y.App.Div.1997), *leave to appeal de-* nied, 89 N.Y.2d 1090, 660 N.Y.S.2d 384, 682 N.E.2d 985 (N.Y.1997) (Kaye, C.J.). On habeas review, Judge Weinstein denied relief, holding, *inter alia*, that the Appellate Division (1) reasonably concluded that the lineup fillers were similar to Clark, and (2) reasonably applied *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), in determining that the witness, Hosein, who was shown a single suggestive photo had an independent source for his identification. Judge Weinstein granted a certificate of appealability on the identification issues.

This Court reviews a district court's denial of a habeas petition under 28 U.S.C. § 2254 *de novo*. *See Ortega v. Duncan*, 333 F.3d 102, 106 (2d Cir.2003). A federal court may not grant a writ of habeas corpus "unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *see Dallio v. Spitzer*, 343 F.3d 553, 559 (2d Cir.2003). The Supreme Court has laid out a five factor test to determine whether an identification is independently reliable when a suggestive identification procedure has been used. *See Manson*, 432 U.S. at 114 (reciting the five factors as: "the opportunity of the witness to view the criminal ... the witness' degree of attention, the accuracy of his prior description ... the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation" (citing *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972))).

■ The Appellate Division's holding was reasonable when the *Biggers* factors are evaluated in light of the facts of this

___

* The Hon. Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

case. The witness, Hosein, had the opportunity to see the assailant on two occasions prior to the crime and during commission of the robbery. While the District Court overestimated the time that Hosein viewed the assailant, Hosein had seen the assailant on a number of occasions. The trial court credited Hosein's testimony that he paid attention to the face of the assailant during the holdup while also looking at the gun. For the most part, Hosein's description of the assailant matched the petitioner's appearance. While Hosein described the assailant as Hispanic, he explained that he was referring to a light brown complexion that fits Clark's. Hosein expressed a high degree of certainty as to his identification of Clark as the assailant, saying he was 95% sure of the identification from the initial photo, and he immediately identified Clark in the lineup. The length of time between the identification and the crime is not here an indicator of reliability, but the other four factors make a finding of reliability reasonable despite the prior suggestive procedure.

■ Against the factors of reliability, we evaluate the corrupting force of the suggestive identification procedure. *Raheem v. Kelly*, 257 F.3d 122, 135 (2d Cir. 2001). The finding that the suggestive single photo did not outweigh the independent reliability is reasonable. *Cf. Dunnigan v. Keane*, 137 F.3d 117, 129–30 (2d Cir.1998) (upholding an in-court identification as independently reliable after witness was shown thirty-three photographs of the same suspect). In addition to the improper display of a single photo to Hosein, petitioner also claims that the lineup procedure was suggestive. In assessing whether a line-up is suggestive, there is no requirement that lineup participants be identical in appearance. *See United States v. Wong*, 40 F.3d 1347, 1359–60 (1994) ("When the appearance of participants in a lineup is not uniform ... the principal question in determining suggestiveness is whether the appearance of the accused ... so stood out ... as to suggest ... that that person was more likely to be the culprit.") (quotation marks and alterations omitted). Clark urges this Court to review the photographs of the lineup and to reach a conclusion contrary to the Appellate Division's. The photographs presented to this Court, however, do not justify disturbing the Appellate Division's holding that the lineup was not suggestive because the participants looked substantially similar.

For the foregoing reasons, the district court's judgment denying the writ of habeas corpus is AFFIRMED.