People v Korsuntsev (2022 NY Slip Op 04564)

People v Korsuntsev

2022 NY Slip Op 04564

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-02968
 (Ind. No. 7229/16)

[*1]The People of the State of New York, respondent,
v
Oleg Korsuntsev, appellant.

John R. Lewis, Sleepy Hollow, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Jordan Cerruti of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura Johnson, J.), rendered February 25, 2019, convicting him of attempted assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was indicted in connection with the March 2016 stabbing of the victim who was sitting in his vehicle. Two trials ended in a mistrial due to extraneous circumstances. At the third trial, the Supreme Court allowed the People to introduce into evidence a transcript of the testimony of a witness who testified at the first trial. That witness had testified as to certain admissions the defendant made to her regarding this case. The jury convicted the defendant of attempted assault in the first degree.
The Supreme Court providently exercised its discretion in allowing the witness's testimony from the first trial to be read into evidence (see People v Hamilton, 175 AD3d 429; People v Legrande, 176 AD2d 351). The witness was outside the state, and could not with due diligence be brought before the court (see CPL 670.10[1]; People v Tapia, 33 NY3d 257; People v Blunt, 174 AD3d 1504). The record further demonstrates that the People's failure to produce the witness was not the result of a strategy to avoid confrontation on the witness stand (see People v Arroyo, 54 NY2d 567, 571). Indeed, the same trial attorney for the defendant cross-examined the witness at the first trial regarding the same charges (see People v Tapia, 33 NY3d at 268; People v Nucci, 162 AD2d 725; People v Nettles, 118 AD2d 875). Accordingly, a transcript of the witness's prior testimony was properly admitted into evidence.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court